## RUSSELL *against* HOSMER.

Where *A.,* as assignee of *B.,* a bankrupt, in an action of book debt against *C.,* attached his land, which *C.,* by quit-claim deed, released to *A.,* who paid to *C.* a sum equal to the value of the land unencumbered, and equal to the debt demanded of *C.;* and *D.,* the attorney of *C.,* thereupon executed a bond to *A.,* conditioned, to pay to him, as assignee of *B.,* within sixty days after final judgment in such suit, the amount of such judgment, and to remove from *A.* the necessity of levying the execution on such property, and to save it free from incumbrance; it was held, in an action brought by *A.,* on such bond, against *D.,* 1. that the right of action was in *A.;* 2. that the beneficial interest was in the creditors of *B.,* and chancery would follow the fund in the hands of *A.*'s representatives, after his decease, and make it available in satisfaction of *B.*'s debts; 3. that such fund, therefore, if recovered, would not be assets in the hands of *A.*'s administrators; but 4. that the legal title being in *A.,* upon his death, pending the suit, the right to enter and prosecute such suit devolved upon his administrators.

In case of the death of the plaintiff, during the pendency of the suit, the executor or administrator may enter at the next term, as a matter of right; but he will not be permitted to enter afterwards, without showing good reason for his neglect.

*Middlesex,*
July, 1830.

———————

Russell
*v.*
Hosmer.

Of the sufficiency of such reason the court is to decide from the facts shewn by the executor or administrator.

The court, in the exercise of its discretion, will also take into consideration the nature of the plaintiff's claim ; and if it rest upon a bare legal right, in opposition to the plain principles of equity and justice, the party will be held to a strict compliance with the rule.

Therefore, where the object of the suit, was, to recover a sum of money, to which the plaintiff was not equitably entitled, and which, if recovered, would not be assets in the hands of his administrators; and it did not appear, that such suit was prosecuted for the benefit of the persons really interested; on motion of the administrators *to enter*, at the next term *but one* after the plaintiff's death, without assigning any reason for the delay, the court denied the motion.

THIS was an action of debt on bond.  The declaration stated, that the defendant, by his certain writing obligatory, signed with his hand, and ready in court to be produced, acknowledged himself bound to the plaintiff in the sum of 1000 dollars, subject to a condition, whereby, after a recital to the following effect, that whereas there was then pending before the superior court in *Middlesex* county an action of book debt, in the name of *Matthew T. Russell,* the present plaintiff, as assignee of *Thompson Phillips,* a bankrupt, against *N. G. Ingraham* and *S. Clark,* in which action, by writ of attachment, dated the 12th of *September* 1794, there was attached a certain piece of land in the city of *Middletown,* [describing it ;] that whereas *Anthony Dey,* of the city of *New-York,* assignee of the said *N. G. Ingraham,* had, by deed dated the 30th of *December,* 1805, quit-claimed to the said plaintiff, the above described land ; and that whereas the plaintiff had paid to said assignees a price, as if said property had not been holden by said attachment, and said assignees had in fact then received from the plaintiff a sum equal to whatever said judgment should be against said *Ingraham* and *Clark,* in favour of the plaintiff, as assignee of said *Phillips* as aforesaid ; it was provided, that if the defendant, attorney to the said assignees of said *Ingraham,* should, within sixty days after final judgment, pay and satisfy to the plaintiff, assignee of said *Phillips,* the amount of said judgment, both debt and costs, should remove from the plaintiff, assignee of said *Phillips,* or from any other person or persons legally representing him, the necessity of levying upon said property the execution on said judgment, and should save forever free the said property and the plaintiff from all lien, incumbrance, embarrassment or inconvenience whatever, accruing from said at-

tachment, judgment &c., by force of the premises, then said *Middlesex,* bond or writing obligatory was to be void. The declaration then averred a judgment, recovered in *July* 1809 ; execution issued thereon, on the 3rd of *August* 1809 ; its presentation for payment, on the 26th of *September* 1809 ; and payment refused.

*Middlesex,*
July, 1830.

Russell
*v.*
Hosmer.

The defendent pleaded, 1st, *non est factum ;* and 2ndly, *nil debet.*

On the trial, the plaintiff offered in evidence a writing corresponding with the bond mentioned in the declaration, in all respects, except that it had no seal. To the admission of this writing the defendant objected. It was agreed by the parties, that the defendant executed the writing ; and that there was never any seal affixed to it. The judgment, execution, demand and refusal of payment, were also admitted. No other fact was claimed, or offered to be proved, by either party.

By agreement, the case was reserved for the advice of the supreme court of errors, in 1828, as to the admissibility of the writing and as to the judgment to be rendered.

*Matthew T. Russell,* the plaintiff, died in *October* 1828. Administrators on his estate were appointed, on the 20th of *December,* 1828. His estate being represented insolvent, commissioners were appointed, in *January,* 1829 ; and the term of six months was limited for the exhibition of claims. It appeared, that his estate was in fact deeply insolvent. At the term of the superior court, in *January* 1829, his death was suggested on the record ; but no motion was made. Before the superior court, in *August* 1829, his administrators moved to enter. The defendant objected to the motion, on the ground that the cause of action did not survive to the administrators ; and likewise for this, that having suffered a term of the court to intervene, without any motion to enter, and no reason being assigned for neglecting so to do, they ought not now to be permitted to enter.

The court, on the agreement of the parties, suffered the administrators to enter, subject to such future order as might be made in the premises, without prejudice to either party ; such agreement being made for the purpose of bringing the legal propriety of an entry before this Court.

*Sherman* and *N. Smith,* for the defendant, contended, I. That on a fair construction of the contract, as well as on established principle, independent of the intent of it, the creditors of

*Middlesex,* *Phillips* have the equitable and beneficial interest in the contract. July, 1830. Every contract is to be construed in reference to its subject matter; and the construction must be made, not on a part, but on the whole of it. The subject matter was a debt, with an attachment thereon, of *Ingraham* and *Clark* to *Phillips.* The intent was, to relieve the land attached, which was accomplished, by giving the writing and paying the judgment, and "to prevent the necessity of levying the execution;" and to render this proper, personal security was taken, payable to the assignee, for the benefit of *Phillips's* creditors. The execution has not been levied ; the land is free from lien ; and the contract is all that remains for *Phillips's* creditors. They have an equitable right in it. From the nature of the case, it belongs to them, by implied trust or contract.

2. That the contract in question, being the beneficial property of *Phillips's* creditors, or trust estate, is not *assets* to pay *Russell's* debts ; is not by law devolved on his administrators ; and they have no right to enter. On the contrary, it belongs to the creditors of *Phillips,* and to their assignee, whose right it is to enter. Trust property is never assets. *Toll.* 153. *Shep. Touch.* 472. *Deering* v. *Torrington,* 1 *Salk.* 79. By analogy, the estate of a bankrupt being administered upon as if he had deceased, property held by him in trust, is not assets, nor assignable. *Cullen* 221. *Kip* v. *The Bank of New-York,* 10 *Johns. Rep.* 63. *Toller* 134. Hence, property held in trust, by the deceased, does not pass to the administrator discharged of the trust; but "if it can be traced and distinguished, enures to the benefit of the *cestuy que trust.*" *Moses* v. *Murgatroyd,* 1 *Johns. Chan. Rep.* 119. 128. The only person having a right to enter, therefore, is an assignee of *Phillips.*

3. That if the administrators of *Russell* had a right to enter, they have waived it by neglect. This right must be *limited;* otherwise, they may take their own time. The latter construction would be unreasonable and insufferably inconvenient.

Ordinarily, the law requires, that the plaintiff should appear at every term ; otherwise, the suit is discontinued. If, after the death of the plaintiff, the administrator may enter at any time, the defendant can never know when his attendance may be dispensed with, nor how long property attached may be holden. The bail can never know when his liability is at an end. There can be, perhaps, no inflexible rule applicable to all cases ; but there is an inflexible *principle,* which is just and convenient, not only in regard to the administrator, but with

respect to others. It is this. The administrator shall enter the first court, or show good reason for the omission. If the administrator is not able, at the first court, to enter, *he must show the fact;* it being within his cognizance. The court cannot judicially assume it. *De non apparentibus, &c.*

*Middlesex,*
July, 1830.

Russell
*v.*
Hosmer.

*Stanley* and *Hungerford*, contra, declined argument.

BISSELL, J. The motion of the administrators to enter, and prosecute this action, is resisted on two grounds. 1. That the right of action does not survive to the administrators of *Matthew T. Russell*. 2. That admitting it to survive, and that they had a right to enter and prosecute; they have waived it, by their neglect.

1. Does the right of action survive? It is not, nor can it be admitted, that the right of action was in *Russell.* The writing was given to him; and to him, personally, it was made payable. But it is equally apparent, from the condition of the instrument, that the *beneficial interest* was in the creditors of *Thompson Phillips*, the bankrupt. *Russell, in his character of assignee*, had obtained a lien on certain real estate, by the levy of an attachment. This was for the benefit of the creditors of *Phillips;* and had the judgment been followed up, by the setting off those lands on execution, there can be no doubt, that the equitable title to them, would have been in the creditors of *Phillips*. They never could have been assets, in the hands of the administrators of *Russell*, nor made liable for the payment of his individual debts. But *Russell* discharges the lien, and substitutes, in its place, the security in question. This conclusion is, I think, fairly drawn from a sound construction of the entire contract. This being so, and it being admitted, that the estate of *Russell* is deeply insolvent, there can be no doubt, that a court of chancery would follow this fund, in the hands of his representatives, and make it available to the only purpose, for which it was intended, *viz.* to satisfy the debts of *Phillips*, the bankrupt. *Moses* & al. v. *Murgatroyd* & al. 1 *Johns. Chan. Rep.* 119.

This fund, therefore, if recovered, cannot be assets in the hands of the administrators of *Russell;* nor, of course, subject to the payment of his debts. The administrators would be, as to this property, what their intestate, *Russell*, was, the trustees of the creditors of *Phillips*, and liable, in equity, to pay over

*Middlesex,*
*July, 1830.*

Russell
*v.*
Hosmer.

the same into the hands of his assignees. Still, I think the conclusion, which is attempted to be drawn from these premises, does not follow. It does not follow, that because the money, when recovered will not be assets, therefore the cause of action does not survive to the administrators. The instrument, on which the action is brought, assumes the form, and has all the solemnities of a bond, except the seal; and this defect is supplied by statute. *Book* 2. *p.* 61. It is, therefore, to every legal intent and purpose, an instrument under seal. The question is, in whom is the legal title? And this is the only question, which can be agitated in a court of law. That the legal title was in *Russell*, while living, cannot be doubted. It has not been denied in the argument. If, upon his death, the right of action does not survive to his administrators, it is not easy to see in whom is the right. It surely does not survive to the assignees of *Phillips*, although the beneficial interest may be in his creditors. I am, therefore, of opinion, that upon the death of *Matthew T. Russell*, the right to enter and prosecute this action devolved upon his administrators, notwithstanding the money recovered might not be assets in their hands.

2. Have they waived this right, by their neglect? Or perhaps, more properly, ought they to be permitted, under the circumstances of the case, to enter and prosecute this action? This is a question addressed to the *discretion* of the court: and in order to a sound exercise of that discretion, the facts attending the case are necessarily brought under consideration.

These were found, by the superior court, and are briefly as follows. The suit was brought to the *October* term, 1825, of the county court, and was removed, by appeal, to the superior court. At the *August* term in 1828, the questions of law, arising in the case, were reserved for the advice of the supreme court of errors. *Matthew T. Russell* died in *October* 1828; and on the 20th day of *December* following, administration on his estate was committed to *Mary Russell* and *Charles H. Russell*, both of the city of *Middletown*. The estate was represented insolvent; commissioners were appointed, in *January* 1829; and six months were limited, for the exhibition of claims. At the *January* term, 1829, the death of *M. T. Russell* was suggested on the record; but no motion was made, by the administrators, to enter and prosecute the action. The motion was made at the *August* term following; and the entry was allowed, subject to the opinion of this Court.

I have already remarked, that this is a question addressed to the discretion of the court. The statute provides, that " when any action shall be pending in any superior or county court, and the plaintiff, before final judgment, shall die, the same shall not abate, if it might originally have been prosecuted, by his executor or administrator ; and in such case, the executor or administrator may enter their names in the suit, if they see cause, and prosecute the same." *Stat.* 42. *tit.* 2. *s.* 27. It can hardly be contended, that the power here given to the administrator, is subject to no limitation. If it were so, he might forbear, for any period, and then enter and prosecute the action. He would be subject to no rule, but his own discretion. Such a construction of the statute is inconsistent with the due administration of justice, and incompatible with the rights of a defendant.

At the first term, the administrator may enter, as a matter of right. If he do not choose to exercise the right, his neglect may be considered and treated as a waiver. Whether it shall be so considered, and so treated, is to be decided by the court. It is, perhaps, difficult to lay down any inflexible rule on this subject. Each case must be governed by its own peculiar circumstances. There is, however, a principle, which, in my judgment, ought to govern, and to be inflexibly adhered to : and that is, that the administrator shall enter at the first term, *or show good reason for neglecting so to do.* Of the sufficiency of such reason the court is to decide, from the facts stated and proved. But the facts must be shown, by the administrator. The court cannot judicially assume them. If, therefore, he be not able to enter, at the first term ; or if there be circumstances attending the case, which would render such entry inconvenient ; they should appear. On the administrator is the burden of proof.

Again : It is, in my view, highly proper, that the court, in the exercise of its discretion, should take into consideration the nature of the plaintiff's claim. If it rest upon a bare legal right, and, at the same time, be opposed to the plain principles of equity and justice, the party should be held to strict and rigid rules in the enforcement of such right. And, in all cases, the court should see to it, that there be no unnecessary delay. There is no process, by which a defendant can compel the administrator to enter : and he ought not to be subjected to the expense and inconvenience of attending term after term, and

*Middlesex,*
July, 1830.

Russell
*v.*
Hosmer.

all the while in doubt, as to the intention of the administrator, —whether he intend to enter and prosecute, or abandon his claim.

The application of these principles to the case in question, is very obvious.    The administrators of *Matthew T. Russell* are here seeking to recover a sum of money, to which they have no equitable title, and which, if recovered, ought not to be assets in their hands.    There is no intimation that they are prosecuting this suit at the instance of the assignees or creditors of *Thompson Phillips,* the only persons in interest.    Had the fact been so, it ought to have been suggested on the record, as furnishing a reason, why they should be permitted to enter and prosecute the action.

Again : No reason is assigned, why they did not enter, at the first term, after the death of *Russell.*  He died in *October.*  His estate had been represented insolvent, and commissioners appointed, previous to the term of the court in *January.*  The administrators were both residing in the city of *Middletown,* where the court held its session ; and there were daily opportunities for consultation with their counsel.    The questions arising in the case, had been previously reserved, for the advice of the supreme court ; and it was apparent, that the omission to enter, at that term, would have the effect to postpone the decision of the case, for one year at least.    Was this delay necessary ? Was it consistent with the rights of the defendant ? I think not : and as the administrators have failed to show any reason for this apparent neglect, I am of opinion, that the present motion ought not to prevail ; and would so advise the superior court.

PETERS and WILLIAMS, Js. were of the same opinion.

HOSMER, Ch. J., being a party, and DAGGETT, J. having been of counsel in the cause, gave no opinion.

Motion to enter not to be granted.