FRANK B. JOHNSON vs. THE NEW YORK AND NEW ENG-
LAND RAILROAD COMPANY.

Hartford Dist., Oct. T., 1887.  PARK, C. J., CARPENTER, PARDEE,
LOOMIS AND BEARDSLEY, JS.

An administrator cannot, as a matter of right, enter in a case upon the
death of the plaintiff, except at the next term after his death.
But the court may, in its discretion, allow him to enter at a later term, if
good reason is shown for the delay.

[Argued October 4th, 1887—decided January 13th, 1888.]

ACTION for an injury to the person of the plaintiff, through
the negligence of the defendants in the running of a railroad
train; brought to the Superior Court in Windham County.
The plaintiff died during the pendency of the suit on the
2d day of September, 1885, and his administratrix in May,
1887, appeared, had the death of the plaintiff suggested on
the record, and moved to be allowed to enter and prosecute
the suit.   This motion the court (*Fenn, J.*,) denied, and dis-
missed the case, and the administratrix appealed to this
court.   The case is fully stated in the opinion.

*J. L. Hunter* and *E. B. Sumner*, for the appellant.

*J. J. Penrose* and *G. A. Conant*, for the appellees.

LOOMIS, J.   This complaint was brought July 28th, 1883,
to recover for a personal injury to the plaintiff on the 8th of
October, 1880, caused by a collision of trains on the defend-
ant's railroad, occasioned by the negligence of the defendant.
The plaintiff died on the second of September, 1885.   No
administrator was appointed till May 14th, 1887, when it was
granted to the widow, Louisa M. Johnson.   At the Superior
Court held on the 31st of May, 1887, the administratrix ap-
peared and had the fact of the plaintiff's death suggested on
the record, and asked leave of court to enter and prosecute
the action.   The court at first denied the motion, but after.

wards gave leave to renew it and show reasons for the delay. In June following the motion was renewed and a full hearing had, and the court found that "no motion to enter and prosecute the action was made after the death of the plaintiff till the administratrix made her motion on May 31st, 1887," and that "no good and sufficient reason or excuse for this neglect, or neglect to procure appointment as administratrix, has been given by her," and thereupon the court denied the motion and refused to allow her as administratrix to enter and prosecute.

The appeal by the administratrix brings before this court the question whether the ruling of the court below was correct. The finding that there was no good reason or excuse for the neglect of the administratrix is, of course, so far conclusive, and cannot be reviewed by this court, and this must still further limit our present discussion and decision simply to the question whether the administratrix had a right to enter at the time she made application to the court for that purpose.

By virtue of the provisions contained in Gen. Statutes of 1888, § 1005, the death of the plaintiff did not abate the action, and a right to enter and prosecute it was given his executor or administrator. Now, although the statute does not in terms prescribe any time within which the entry must be made, yet (adopting the language of BISSELL, J., in *Russell* v. *Hosmer*, 8 Conn., 235,) "it can hardly be contended that the power here given to the administrator is subject to no limitation. If it were so he might forbear for any period, and then enter and prosecute the action. He would be subject to no rule but his own discretion. Such a construction of the statute is inconsistent with the due administration of justice and incompatible with the rights of a defendant." And in that case it was laid down as an inflexible rule, that in case of the death of the plaintiff during the pendency of the suit, the executor or administrator may enter at the next term as matter of right, but that he will not be permitted to enter afterwards, without showing good reason for his neglect.

This case settled the construction of the statute, that the right of entry by an administrator was subject to limitation, and that the limit was the next term. But as in that case there had intervened, between the time of the appointment of the administrator and the motion to enter, a term of court, the case did not explicitly decide whether the point of limitation should be placed at the next term after the death of the intestate, or at the next term after the appointment of the administrator.

The reasoning of the court, however, in *Northam* v. *Kellogg*, 15 Conn., 569, as given by STORRS, J., covers this precise point. Referring to the case of *Russell* v. *Hosmer*, and quoting the language of the statute, the court says: "It was there determined, on much deliberation, that under that statute the executor or administrator may enter at the *next term after the death of the plaintiff*, as matter of right, but that he shall not be permitted to enter afterwards without showing good reason for his neglect; and that of the sufficiency of such reason the court is to decide from the facts shown by the executor or administrator. With that decision we are entirely satisfied."

To impair the force of this reasoning it may be suggested that the court was not called upon to construe the statute in question, but another statute, considered to be somewhat analagous, relative to the right of a husband to prosecute an action commenced by a *feme sole*, whom he had married pending the suit. But notwithstanding this criticism, it seems to us that the reasoning in the last case should have great force in explaining the meaning of the court in the first case, especially as it has been universally accepted and acted upon ever since.

But suppose for the sake of argument the question should be regarded as an open one, would it be a better rule to allow the administrator in all cases the right to enter during the first term after his appointment?

It seems to us that an absolute right of entry ought to be limited to some definite time, and not be subject to enlargement at the mere discretion of the administrator; but if the

starting point is fixed at the date of taking out letters of administration, it is easy to see that it might be delayed on purpose to postpone a trial. The same objections, in kind, apply to such a rule as would apply to an unlimited time. The objection of course is not as strong, because there is a seven years limitation for granting administration. But that would allow ample time to seriously interfere with the administration of justice. Applied to this case, the rule would have allowed an entry to prosecute the action ten years after the date of the injury.

On the other hand, the anticipated evils alleged to result from such a rule can be met and obviated by an application to the court, which in its discretion will always permit an entry after the time limited, for any good reason shown. If no good reason can be shown, why should an entry be permitted, and what possible injustice could result from its denial?

If the death of the plaintiff was so recent as not to allow time before the next term to procure letters of administration, that would surely be a good reason for allowing an entry afterwards. And so if all the parties interested were disabled by sickness, or lived remote from the domicil of the intestate, or had not heard of his death, it is incredible that a court of justice should deny relief.

But the plausible suggestion was made during the argument that it must be illogical and wrong to charge one with neglect as administrator before he received his appointment. We think the court would discriminate between the case where an interested relative is administrator and where the administrator is a stranger. In the former case (which is the case at bar) the law nominated the administrator immediately upon the death of the plaintiff, and in such case negligence may reasonably be imputed to the person thus indicated for a delay to take out letters. And here attention may well be called to the fact that in this case some twenty months intervened between the death of the plaintiff and the date of the letters of administration, and the latter was seven years after the injury complained of, and not only did

the appellant fail to present any good reason for her delay, but no reason at all appears of record.

Another objection somewhat analogous to the one above mentioned is, that the denial of the right of entry rests on the doctrine of waiver, and it is impossible for one to waive, anything as administrator until he holds the office. But here the premises are erroneous. The rule under consideration does not rest at all upon the doctrine of waiver. There is no pretense of an intentional relinquishment of any right. We ought to add that a little color for this claim is given by the use of the word "waive" in *Russell* v. *Hosmer, supra.* In discussing the subject the court starts off with the question, "Have the administrators waived the right to enter by their neglect?" but the inaccuracy is immediately corrected by adding, "Or perhaps more properly, ought they to be permitted, under the circumstances of the case, to enter and prosecute this action?" and the whole discussion clearly shows that the word "waive" was not used in any such sense as the objection assumes.

There was no error in the ruling complained of.

In this opinion the other judges concurred.