## CHARLES E. HATCH *vs.* FANNIE BOUCHER.

First Judicial District, Hartford, October Term, 1904.

TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

77 347
77 593

The citing in of an executor to disclose as garnishee, contrary to General Statutes, § 881, does not render the writ defective as against the defendant.

A bill of particulars for meat sold and delivered, gave the balance due at a certain time, and the date and amount of each item thereafter purchased, but without stating the kind or quantity of meat. *Held* that this statement complied with the rule (Rules of Court, p. 41, § 129), and was sufficiently specific.

General Statutes, § 1131, provides that in case of the plaintiff's death his executor or administrator may enter within six months thereafter and prosecute the suit. *Held* that while this gave an absolute right of entry within the time limited, it did not preclude the trial court, in the exercise of its discretion, from permitting the entry at a later date for good cause shown.

Pending the trial of the present case, the defendant's attorney—who, as an executor was also named as garnishee—requested the attorneys for the plaintiff not to make further expense, as the bill would be paid when his account as executor was settled. *Held* that upon this ground the trial court was justified in allowing the plaintiff's administrator to enter after the six months had expired.

Argued October 11th—decided December 16th, 1904.

ACTION to recover for goods sold and delivered, brought to the Court of Common Pleas in Hartford County and tried to the court, *Coats, J.;* facts found and judgment rendered for the plaintiff for $129, and appeal by the defendant. *No error.*

*Thomas G. Vail*, for the appellant (defendant).

*Joseph P. Tuttle*, for the appellee (plaintiff).

HALL, J. The defendant was described in the writ as " Mrs. —— Bushy, a widow, of the town of West Hartford." George G. Sill, as an executor, was made garnishee, and was also cited to appear in court and disclose. The defendant pleaded in abatement the omission of her Christian name, and the citing in of the executor as garnishee ; and the court having sustained the demurrer to the plea in abatement, the writ was amended with defendant's consent so as to correctly state her name.

The complaint, dated August 16th, 1900, contained the common counts. The first item of the bill of particulars under date of January 1st, 1892, was " Balance due for meats furnished to date, $79.14." The remaining charges were for meat furnished the defendant on different days between January 1st, 1892, and February 27th, 1893, the date and price charged for each item being given, without any statement of the kind or quantity of such meat. The trial court denied defendant's motion for an order that the bill of particulars be made more specific.

The plaintiff died June 13th, 1902, and on the 18th of the same month William K. Butler was appointed adminis-

trator of his estate, and immediately employed the attorneys who had before appeared for the plaintiff to prosecute this action. Under such employment they continued their appearance as attorneys for the plaintiff, but without any entry upon the docket of the death of the plaintiff or of their appearance for the administrator, until December 16th, 1903, when they filed a written motion alleging the plaintiff's death and the appointment of the administrator, and asked that said Butler be substituted as plaintiff. This motion was granted against the defendant's objection. These rulings are among the defendant's reasons of appeal.

The fact that the executor was cited in to disclose, contrary to the provisions of General Statutes, § 881, did not render the writ defective as against the defendant.

It is unnecessary to inquire whether the omission of the defendant's Christian name was a sufficient ground of abatement, since that defect was cured by the amendment.

The bill of particulars was sufficient, with the count for goods sold and account stated, to show the plaintiff's cause of action and meet the requirements of the rule. Rules of Court, p. 41, § 129. It does not appear that the plaintiff's administrator could have made it more specific.

The motion of the administrator to be substituted as plaintiff may be treated as a motion to enter and prosecute the action. When so regarded, it was within the power of the trial court to grant it, whether the question of the time when the administrator might enter is governed by General Statutes of 1888, § 1005, or by § 1131 of the General Statutes of 1902. Both of these sections provide that actions like the present one shall not abate by reason of the death of the plaintiff.

The law of 1888 provides that when the plaintiff shall die, his "executor or administrator may enter and prosecute the suit." Although by this section the right of entry is not expressly limited to any definite time, it has been held that the absolute right of entry, given to the executor or administrator under it, is limited to the next term of court after the death of the plaintiff, but that the court "in its

discretion will always permit an entry to be made after the time limited for any good reason shown." *Johnson* v. *New York & N. E. R. Co.*, 56 Conn. 172; *Northum* v. *Kellogg*, 15 id. 568, 572; *Russell* v. *Hosmer*, 8 id. 229, 234.

The law of 1902 provides that in case of the death of the plaintiff, "his executor or administrator may enter within six months thereafter and prosecute the suit." If the trial court did not have the power to permit the administrator to enter, it must have been because § 1131 limits not only the time within which the administrator may enter as a matter of right, but also the time within which the court may in its discretion permit him to enter, to the period of six months from the time of the plaintiff's death. The language of this section is that the administrator "*may* enter within six months"—not that he *must*, nor that the action will abate or be dismissed if he fails to so enter. There seems to be no good reason for holding that it was intended by the law of 1902 to limit to the period of six months from the death of the plaintiff the power which our courts had possessed for more than a century, of permitting an administrator, for good cause shown, to enter after the plaintiff's death and prosecute a pending action like the present one. There are obvious reasons why it would be undesirable to place such an absolute limitation upon the powers of the court. The provision of the law of 1902, that the administrator "may enter within six months," was evidently intended as a limitation of the time within which he may enter as a matter of right, and not as limiting the discretionary power of the court. Owing to the uncertain duration of terms of court, and the difference in length of the terms of different courts, it was probably thought better to change the law which permitted such entry, as a matter of right, at the next term of court, by fixing the more certain period of six months for the exercise of such right. Under either the law of 1888 or 1902 it was, therefore, within the discretionary power of the trial court to allow the administrator to enter, upon good cause shown.

The fact that the defendant's attorney, who was also the

executor named as garnishee, requested the plaintiff's attorney, after the case had been returned to court, to make no further expense to the defendant, and gave him to understand that the bill would be paid when the estate of which the garnishee was executor should be settled, was a sufficient reason to justify the court in granting the administrator's motion to enter after the six months' period had expired.

There is no error.

In this opinion the other judges concurred.