JOHN CLEMENS *vs.* ANNA HARRIS, ADMINISTRATRIX (ESTATE OF ELIZABETH MAHALCIK).

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 8th—decided June 4th, 1935.

*Robert J. Woodruff,* for the appellant (defendant).

*Raphael Korff,* for the appellee (plaintiff).

MALTBIE, C. J.   This action was instituted against Elizabeth Mahalcik by writ returnable to the first Tuesday of April, 1931.   On May 22d, 1934, the plaintiff made a motion that the case remain on the docket, which was granted; so far as appears the case was never stricken from the docket; and the claim of the defendant that the trial court had no right to restore it after it had been stricken off has no basis in the record.

On October 2d, 1934, the plaintiff obtained from the assistant clerk of the Court of Common Pleas a writ of scire facias, reciting that Elizabeth Mahalcik had died on August 16th, 1931, and citing in the present defendant as administratrix upon her estate.   On November 17th, 1934, the defendant filed a general denial.   On December 26th, 1934, another attorney representing her filed a special appearance and on January 2d, 1935, this attorney filed on behalf of the defendant a motion to erase the case from the docket for want of jurisdiction, on the ground that the present defendant had been appointed administratrix of the estate at once upon the death of Elizabeth Mahalcik but that no steps had been taken to cite her

in as defendant within six months after the appointment. This motion was denied and thereafter the defendant filed an answer and counterclaim, seeking, under the latter, to recover upon a cause of action distinct from that stated in the complaint. The trial court found the issues upon both complaint and counterclaim for the plaintiff. The defendant assigned error in the overruling of her motion to erase the case from the docket for lack of jurisdiction.

The statute concerning the survival of actions provides that in case of the death of a party plaintiff, his executor or administrator may enter to prosecute the action within six months thereafter, but contains no limitation of time within which the executor or administrator of a deceased defendant may be cited in. General Statutes, § 6030; *Craig* v. *Wagner,* 88 Conn. 100, 104, 89 Atl. 916. Whether the action of the trial court in proceeding with the case to judgment in view of the lapse of time between the death of Elizabeth Mahalcik and the obtaining of the scire facias was erroneous, or would have made the action subject to abatement had a plea been seasonably filed, we have no need to inquire. The sole issue before us is, did the court lack jurisdiction to proceed with the action. The statute provides, broadly, that such an action as the one before us does not abate upon the death of the defendant but may be continued against his executor or administrator. The six months allowed for the entry of an executor or administrator of a deceased plaintiff merely fixes the time within which he may enter as of right, but the court may permit him to enter at a later time. *Hatch* v. *Boucher,* 77 Conn. 347, 350, 59 Atl. 422. So a late citation to the executor or administrator of a deceased defendant may be permitted at the discretion of the court. *Craig* v. *Wagner,* supra. Unless objection to the late entry of

the executor or administrator of a deceased plaintiff is seasonably made, the case will not be erased from the docket. *James* v. *Morgan,* 36 Conn. 348, 352. These decisions show that, whatever objection an executor or administrator of a deceased defendant may make to a late citation to him to enter, the trial court is not deprived of jurisdiction of the subject-matter of the action by the delay. If there could be in this case any claim of a lack of jurisdiction over the person of the defendant, that has been effectually waived in the present case by the filing of the counter-claim. *Receivers Middlesex Banking Co.* v. *Realty Investment Co.,* 104 Conn. 206, 214, 132 Atl. 390.

There is no error.

In this opinion the other judges concurred.