MARION D. DORSEY v. EDWARD L. HONEYMAN ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued June 2—decided June 29, 1954

*Lloyd G. Bates, Jr.,* with whom, on the brief, was *Frederick J. Rundbaken,* for the appellant (plaintiff).

*Alvin Pudlin,* for the appellee (named defendant's administrator).

*Robert E. Cohn* appeared for the defendant Dorothy Honeyman.

WYNNE, J. This action was brought against Edward L. Honeyman and his wife, Dorothy, by writ returnable the first Tuesday of November, 1951. The plaintiff claimed to hold a judgment obtained in a Massachusetts court against Edward, and joined his wife, Dorothy, on the claim that she was the record owner of certain properties alleged to have been placed in her name to conceal them from the plaintiff. Edward L. Honeyman died on February 23, 1952, and Stanton Honeyman was appointed administrator of his estate by the Probate Court for the district of Berlin on May 21, 1952. On October 19, 1953, the administrator appeared specially in court and moved the dismissal of the action as against the deceased. On October 23, 1953, the plaintiff moved the court to substitute Stanton Honeyman, administrator, as a party defendant in the place of Edward L. Honeyman. The trial court granted the motion of Stanton Honeyman, administrator, and denied the plaintiff's motion. It is from this action that the appeal was taken.

The plaintiff assigned error in three particulars: (1) The granting of the motion to dismiss and the denying of the plaintiff's motion to substitute Edward's administrator as a party defendant; (2) the ruling, in effect, that the plaintiff was limited to a

period of one year from the date of Edward's death within which to bring in his administrator; and (3) the ruling that the trial court was without discretion to extend the time for the citing in of Edward's administrator.

The statute determinative of this appeal is § 2432c of the 1953 Cumulative Supplement. This provides that no civil action shall abate by reason of the death of any party and, "in case of the death of any party defendant, the plaintiff, within one year thereafter, may apply to the court in which said suit is pending for an order to substitute such decedent's executor or administrator in the place of such decedent." At one period, our statutes concerning survival of actions contained no time limitation governing the citing in of an executor or administrator as a substitute party defendant. See Rev. 1930, § 6030. A one-year limitation was established by § 1432e of the 1939 Cumulative Supplement. This provision has been continued. §§ 8337, 2432c. It appears that a claim was duly presented against the estate of the defendant Edward L. Honeyman by the plaintiff and was disallowed. More than a year had elapsed from the death of Edward when the application was made for an order to substitute his administrator as a party defendant. There is no doubt that the instant action was not abated by the death of Edward but expressly survived against his administrator. § 8337, as amended by § 2432c.

The rule with reference to the entering of a case by the representative of a deceased plaintiff, as it was before a change in the statute in 1902, was that he could enter as a matter of right during the next term, and thereafter, in the discretion of the court, for cause shown. Rev. 1888, § 1005; *Russell* v. *Hosmer,* 8 Conn. 229, 235; *Johnson* v. *New York &*

N.E.R. Co., 56 Conn. 172, 173, 14 A. 773. After a six-months limitation was put into that part of the statute in 1902 (Rev. 1902, §1131), we held that the representative of a deceased plaintiff might enter as a matter of right within a period of six months and that the provision did not operate to deprive the court of its discretionary power to let him enter later for cause shown. *Hatch* v. *Boucher,* 77 Conn. 347, 350, 59 A. 422.

With reference to the citing in of the representative of a deceased defendant, a plaintiff, prior to 1939, was entitled as a matter of right to have the representative cited in at the next term after he was appointed, and also thereafter in the discretion of the court if good cause was shown. *Craig* v. *Wagner,* 88 Conn. 100, 105, 89 A. 916; *Clemens* v. *Harris,* 120 Conn. 111, 113, 179 A. 334. The insertion of the one-year provision in the statute in 1939 (Cum. Sup. 1939, § 1432e) must logically be given the same effect as the insertion of the six-months provision in 1902, namely, that it gives the plaintiff an absolute right to have the representative of a deceased defendant cited in within one year after the defendant's death, and thereafter it is within the power of the court to order him cited in if good cause is shown for the delay. 2 Locke & Kohn, Conn. Probate Practice, p. 480.

While in the case at bar it is not contended that there was any basis shown for a finding of good cause for the delay in filing the motion to cite in after the one-year period, the court's memorandum indicates that its decision was based on lack of power to grant the motion under any circumstances. If there was a showing of good cause for the delay, the court did have the power to cite in. The court's memorandum indicates a misapprehension as to this.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.