JOHN WORDEN *v.* JOSEPH FRANCIS

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued January 8—decision released February 3, 1976

*William J. St. John, Jr.,* with whom, on the brief, was *Paul J. Shea,* for the appellant (plaintiff).

*Robert Y. Pelgrift,* with whom was *Vincent J. Giedraitis,* for the appellee (defendant).

PER CURIAM. This was an action sounding in negligence and nuisance brought against Joseph Francis of Southington, which action arose from injuries sustained by the plaintiff in August of 1952. The complaint alleged that the defendant owned a road grader or scraper, that children, including the plaintiff, then thirteen years of age, were accustomed to play around it and that on the day in question when the children were playing on the scraper it suddenly started, moved forward and struck the plaintiff causing him injuries. The case was twice tried to a jury, once in 1959 and again in 1963. Both trials resulted in a verdict and judgment for the plaintiff and on appeal both judgments were set aside and new trials ordered. *Worden* v. *Francis,* 148 Conn. 459, 172 A.2d 196; *Worden* v. *Francis,* 153 Conn. 578, 219 A.2d 442.

Francis died July 22, 1971, and his widow, Florence Francis, was appointed executrix of his estate on August 20, 1971. On July 26, 1972, one year and four days after the death of Mr. Francis, the plaintiff moved to substitute Mrs. Francis, executrix, as a party defendant in place of Mr. Francis. The court denied the motion and rendered judgment for the defendant. It is from that judgment that the plaintiff has taken the present appeal, assigning as error the denial of his motion to substitute the executrix as defendant.

Section 52-599 of the General Statutes entitled "Survival of actions and causes of actions" provides, in relevant part, that "in case of the death of any party defendant, the plaintiff, within one year thereafter, may apply to the court in which suit is pending for an order to substitute such decedent's executor or administrator in the place of such decedent."

In *Dorsey* v. *Honeyman,* 141 Conn. 397, 400, 107 A.2d 260, this court held that this statute gives the plaintiff an absolute right to have the representative of a deceased defendant cited in within one year after the defendant's death, and thereafter it is within the power of the court to order him cited in "if good cause is shown for the delay."

The record discloses that the court was not requested to make a finding and, consequently, none was made. "In the absence of a finding and appendix containing relevant evidence, we can properly turn to the memorandum of decision to ascertain the grounds on which the court acted. *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 226, 215 A.2d 123; Maltbie, Conn. App. Proc. § 512." *Keane* v. *Smith,* 163 Conn. 606, 607, 316 A.2d 416, cert. denied, 409 U.S. 1113, 93 S. Ct. 927, 34 L. Ed. 2d 696. The memorandum of decision indicates that the trial court carefully considered the entire situation concerning the inordinate delay in the prosecution of the plaintiff's case, noting that the case would appear to be the oldest pending case on the Connecticut court dockets and that after 1967 until the filing of the subject motion the plaintiff "who occupied the role of the moving party" did nothing in the way of pressing for a third trial.

Without repeating all the considerations mentioned by the trial court, it suffices to note that the court fully realized the discretionary power it was called upon to exercise and concluded that "[w]hile the court is empowered to grant the motion upon a finding of good cause, good cause has not been shown by the plaintiff." We find nothing which would indicate error in the court's conclusion.

There is no error.