[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR CONTINUANCE
The issue raised in this motion for continuance is whether the Superior Court Housing Session has been deprived of subject matter jurisdiction by reason of the insolvency of the defendant estate. The plaintiff has sued to collect money damages for unpaid rent for commercial premises.
FACTS
The plaintiff, the owner of commercial premises located in Norwalk, originally sued John J. Mulrooney, Jr. for nonpayment of rent. During the litigation John J. Mulrooney, Jr. died and Barbara W. Mulrooney was appointed and is still acting as the executrix of the estate of John J. Mulrooney, Jr. The estate is pending in the Court of Probate for the District of Stamford.
The estate of John J. Mulrooney, Jr. was originally opened as a solvent estate. On April 12, 1996 Barbara W. Mulrooney as CT Page 5223 executrix of the estate of John J. Mulrooney, Jr. filed an application in accordance with Connecticut General Statutes §45a-376, seeking authority for the fiduciary to settle the estate as an insolvent estate. John W. Watts was listed as a creditor in the insolvency petition: "John W. Watts is litigating a claim for breach of a lease and property damages against the estate. The estate denies any liability in connection with the same."
An inventory was filed by the fiduciary, Barbara W. Mulrooney, on April 27, 1994. The total estate inventory amounted to $29,088.00, including the following assets: Shelton Savings Bank $10,400.00, New Canaan Moving Storage, Inc., a business worth $1,000.00, a one half interest in a mortgage in Vail, Colorado worth $10,750.00 and J.M.T. Storage Transfer, Co., a business worth $6,938.00. The petition for insolvency dated April 12, 1996 indicated the following debts: funeral costs of $7,448.61, executor's fees in excess of $10,000.00 and attorney's fees in excess of $20,000.00. The petition also stated that "The estate is indebted to Peoples Bank in the amount $294,402.15 which represents the outstanding principal balance on a note due said bank and owes interest and late fees as of April 8, 1996 in the amount of $21,556.79. Litigation is pending based upon said note."
At oral argument on this Motion for Continuance the plaintiff indicated that they intend to contest the inventory valuation of New Canaan Moving Storage, Inc. and J.M.T. Storage Transfer, Co. The commercial premises which is the subject of this lawsuit was occupied by John J. Mulrooney, Jr. who conducted various moving and storage businesses in the leased premises. The Plaintiff claims those businesses have a substantial value far in excess of the limited value stated in the inventory. The Plaintiff indicated that the valuation issues would be contested in the Probate Court.
Barbara W. Mulrooney, as executrix of estate of John J. Mulrooney, Jr., moved for a continuance of the trial scheduled in the Housing Session. The motion stated that the Court of Probate for District of Stamford on May 23, 1996 declared the defendant's estate insolvent in pursuant to Connecticut General Statutes§ 45a-376. The plaintiff relies on the statutory prohibition of Connecticut General Statutes § 45a-382 for the continuance.
Presented to the Probate Court was an interim accounting file CT Page 5224 by Barbara W. Mulrooney dated May 23, 1996 indicated the following priority claims: a funeral bill of $7,448.61, burial costs of $2,100.00, Probate Court fees of $2,823.44, attorney's fees for settling the estate of $20,473.52 to date, attorney's fees to defend this instant action by John W. Watts in the amount of $4,700.00, executor's fees in the amount of $10,000.00 and taxes due the Internal Revenue Service after an audit for 1991 and 1992 $6,614.00. As general unsecured claims the interim accounting listed the Peoples Bank note including principal and accrued interest of $315,598.93 and the claim of John W. Watts presently in litigation at a value of $1.00. The May 23, 1996 interim accounting indicates that the assets on hand to meet those unsecured obligations were zero stating that both J.M.T Storage Transfer Co. and New Canaan Moving Storage, Inc. are insolvent assets. Priority claims paid by the estate as of May 23, 1996 amounted to $18,986.05. Unpaid priority claims amounted to $35,173.52.
DISCUSSION OF LAW
The defendant claims that the Probate Court decision rendering the estate of John J. Mulrooney, Jr. insolvent automatically abates any further action by the Superior Court in the collection of this nonpayment of commercial rent claim. The defendant cites Connecticut General Statutes § 45a-382 in support of that motion.
 "Except as provided by section 45a-380, no suit shall be brought against the fiduciary of an estate in course of settlement as insolvent. If judgment has been rendered against such fiduciary before the commencement of its settlement as an insolvent estate, execution shall not issue, but the creditor may present his judgment to the fiduciary and receive his proportionate share with the other creditors. If judgment has not been rendered, any pending suit shall abate and the creditor shall submit his claim to the fiduciary and may request that costs incurred in connection with the suit up to the date of abatement be added to the claim." Connecticut General Statutes § 45a-382.
The plaintiff argues that this statute does not apply to suits brought prior to the death of the decedent. This lawsuit was brought prior to the death of John J. Mulrooney, Jr. and the CT Page 5225 plaintiff claims that the statutory rule does not apply to this lawsuit. Craig v. Wagner, 88 Conn. 100, 106 (1914).
The order of claims in insolvent estates is established by statute. Connecticut General Statutes § 45a-365 states:
 "Claims, expenses and taxes in the settlement of a decedent's estate shall be entitled to preference and payment in the following order of priority; (1) Funeral expenses; (2) expenses of settling the estate; (3) claims due for the last sickness of the decedent; (4) all lawful taxes and all claims due the state of Connecticut and the United States; (5) all claims due any laborer or mechanic for personal wages for labor performed by such laborer or mechanic for the decedent within three months immediately before the decease of such person; (6) other preferred claims; and 7) all other claims allowed in proportion to their respective amounts."
It appears from the inventory and interim accounting that if the assets of New Canaan Moving Storage, Inc. and J.M.T Storage Transfer, Co. are either worthless or worth no more than the stated amount in the April 27, 1994 inventory; to wit, less than $8,000.00, the plaintiff's claims will not be paid since it falls into subsection (7) of the insolvency estate distribution statute. The priority claims far exceed the stated assets.
The Motion for Continuance raises the issue of subject matter jurisdiction of the Superior Court. "Since the estate has been declared insolvent, the statute wrests jurisdiction from the Superior Court and places it with the Probate Court. See General Statutes 45a-382" Snaider v. Cooper,1992 Ct. Sup. 10468, November 20, 1992 (Hadden, J.). The rationale of Snaiderv. Cooper was that the law regulating the settlement of insolvent estates, first enacted in 1716, permitted the administrator to represent the estate as insolvent. In such a case the exclusive mode provided for establishing the validity of claims was with the probate court and therefore the statute prohibited any suit at common law pending said settlement.Caulfield v. Green, 73 Conn. 321, 325 (1900) "In Connecticut, if the estate is insolvent, there should be a representation of insolvency so soon as that fact appears, and thereafter the payment of debts is conducted under the orders of the court of CT Page 5226 probate." Davis v. Weed, 44 Conn. 569, 578 (1877). The leading treatise in Connecticut concerning estate settlement states the rule:
 "The statute concerning the settlement of insolvent estates provides, with certain exceptions not important here, that no suit shall be brought against the executor or administrator of an estate in the course of settlement as insolvent; that if judgment was rendered before the representation of insolvency, no execution may issue after representation of insolvency; and that if judgment has not been rendered before the representation of insolvency, the action shall abate upon the representation of insolvency." Connecticut Estate Practices, § 187, Wilhelm, § 187, page 277.
Attorney Gayle Wilhelm notes the exception cited by the plaintiff in Craig v. Wagner, the 1914 case.
 "It used to be held, as a result of this statute, that if the estate of the defendant in an action commenced before death was represented insolvent, the action would abate. This, however, was at a time when the nonabatement statutes by its terms applied only where an original action based upon the same cause would lie against the executor or administrator. This rule is considered to have been changed by the present survival statute and hence the above statute concerning insolvent estates is deemed to apply only to suits brought after death, and not to those commenced before death." Connecticut Estate Practices, Wilhelm, § 187, page 277-278.
This court has researched Craig v. Wagner to determine if in fact this exception is still viable law. It appears from the plain reading of Connecticut General Statutes § 45a-382 abatement of all Superior Court actions occurs when the probate court has issued a decree of insolvency. The plain reading of the statute would appear not to support the exception created by Craig v.Wagner; to wit, abatement only applies to lawsuits that had been commenced after the decedent died not those commenced prior to the decedent's death.
"Although this language is literally broad enough to CT Page 5227 include, and doubtless was intended to include, suits instituted in the lifetime of the defendant, it was manifestly used, as the context shows, with direct reference to suits originally brought against the executor." Craig v. Wagner, supra 102. "At the common law the death of a sole defendant before judgment would have abated such an action absolutely, and the plaintiff would have been put to a new action against the executor". Craig v.Wagner, supra 103. The current survival of actions statute,Connecticut General Statutes § 52-599, was established in 1903.Craig v. Wagner reevaluated common law abatement in light of the 1903 act.
 "A cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person." Connecticut General Statutes § 52-599(a)
 "A civil action or proceeding shall not abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of the decedent". Connecticut General Statutes § 52-599(b).
 Craig v. Wagner noted that the predecessor to ConnecticutGeneral Statutes § 52-599, Section 1131 of the General Statutes of 1902, reenacted with additions as chapter 193 of the Public Acts of 1903, instituted in our law for the first time a declaration of general policy as to the survival of actions. "No civil action or proceeding shall abate by reason of the death of any party thereto, but maybe continued by or against the executor or administrator of such decedent." Craig v.Wagner, supra 103. This language from the 1903 statute is identical to the current survival of action statute.Connecticut General Statutes § 52-599(a) and (b). Craig v.Wagner had to determine the question whether or not the attachment of real estate which was obtained prior to the death was dissolved by the death of the defendant either alone or following the insolvency of his estate. The Craig court upheld the continuation of the attachment in a lawsuit instituted prior to the death of the insolvent decedent with the following language. "The right to continue the original action being established, the attachment will not embarrass or delay the settlement of the estate any more than any other lien. Its continuance, especially if the estate turn (sic) out to be insolvent, is in harmony with the rule that a digilent [diligent] creditor CT Page 5228 is entitled to the fruits of his activity." Craig v. Wagner,
supra 107.
CONCLUSION OF LAW
This court's research concludes that the two statutory legs, § 45a-382 and § 52-599, of Craig v. Wagner are still strong and functioning. Shepardization revealed only one case Dorseyv. Honeyman, 141 Conn. 397 (1954). Dorsey cited Craig v. Wagner,
for support of the authority citing in the representative in a pending lawsuit after he was appointed. Therefore Dorsey v.Honeyman, is of no assistance in determining the issues in this case.
Shepards does not further cite Craig v. Wagner. LOIS/PITA
has cited Craig v. Wagner including Dorsey five times in appellate cases. The first was New Milford Security Co. v.Windham County National Bank, 90 Conn. 323 (1916). The head notes claim that Craig v. Wagner was explained and distinguished. "In Craig v. Wagner 88 Conn. 100, 89 A. 916, we held that the effect of this statute was to continue the original action in force, and thus preserve the liens of attachments made in the defendant's lifetime." New MilfordSecurity Co. v. Windham County National Bank, supra 326. NewMilford Security supports the court's statutory exception reached two years earlier in Craig v. Wagner.
 Clemens v. Harris 120 Conn. 111 (1935) offered an opportunity to discuss Craig v. Wagner in relation to the survival of action statute. "The statute concerning the survival of action provides that in case of the death of a party plaintiff, his executor or administrator may enter to prosecute the action within six months thereafter, but contains no limitation of time within which the executor or administrator of a deceased defendant may be cited in. General Statutes § 6030.Craig v. Wagner, 88 Conn. 100, 104, 89 Atl, 916." Clemens v.Harris, supra 113. This case is again supportive of the 1914 exception created by Craig v. Wagner.
The third case is Motiejaitis v. Johnson, 117 Conn. 631
(1933). Craig v. Wagner was cited in Motiejaitis for the proposition that the plaintiff should file an amendment to the writ making the necessary changes in the designation of the parties defendant to continue on with the action after death.Montiejaitis [Motiejaitis] does not overrule Craig v.CT Page 5229Wagner.
Final case is Raymond v. Bailey 98 Conn. 201 (1922). Discussing the ancient writ of scire facias using colorful language the court held that the substitution of the administrator for the decedent, in a lawsuit brought during his life, was proper and in accordance with the survival of action statutes and Craig v. Wagner. Raymond v. Bailey does not change the exception carved out by Craig v. Wagner.
 LOIS/PITA cites two Superior Court cases discussing Craigv. Wagner. The first has already been discussed. Snaider v.Cooper 8 CSCR 40 (1992) held that the Superior Court lacked subject matter jurisdiction in a lawsuit for $74,919.01 of legal fees against an insolvent estate. The suit was initiated by the plaintiff against the administrator of the estate the year after the decedent died.
The second is Steigerwald v. Diviney, 1994 Ct. Sup. 10514, October 14, 1994, (Lewis, J.), which involved an appeal from the decree of the Probate Court in Westport. A motion to dismiss for lack of subject matter jurisdiction was filed by the defendant. The suit was based upon an Illinois judgment against decedent for $11,000,000. On October 4, 1991 the estate was declared insolvent by the probate court after the July 12, 1991 death of the decedent. Over two months later, on December 20, 1991, the plaintiff obtained judgment against the decedent in Illinois for $11,000,000. Illinois vacated the judgment on motion of the defendant pursuant to Connecticut General Statutes§ 45a-382. Judge Lewis's decision in Steigerwald denying the motion to dismiss by the defendant administrator was based on the fact that the trustee and bankruptcy never filed a claim against the decedent's estate. Steigerwald is consistent withCraig v. Wagner.
The defendant attempts to distinguish Craig v. Wagner as being an attachment case, limiting the Craig v. Wagner exception to those situations where attachments have preexisted death.Craig v. Wagner states that the entire cause of action is exempt since it preexisted the decedent's death. The attachment is thus valid. Craig v. Wagner cannot be limited to its facts.
This court concludes that the exception created by Craig v.Wagner in 88 Conn. 100 (1914) is still a valid exception to theConnecticut General Statutes § 45a-382 abatement of a lawsuit CT Page 5230 against insolvent estates. This lawsuit was commenced prior to the death of John J. Mulrooney, Jr. Craig v. Wagner controls and the Motion for Continuance is denied. The Superior Court has subject matter jurisdiction to continue on with this litigation despite the insolvency decision by the Probate Court, District of Stamford.
The pleadings have been closed in this matter. This case is assigned for trial.
BY THE COURT,
KEVIN TIERNEY, JUDGE