[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The Defendant Commissioner of the State of Connecticut Department of Social Services (Commissioner) moves to dismiss Plaintiff's administrative appeal, for a failure to substitute as party Plaintiff an executor or administrator of the late Plaintiff's estate.
The Plaintiff died on March 25, 1996. General Statutes § 52-599 in essence allows a substitution as a matter of right within six months of death, and discretionary substitution thereafter if "good cause" is shown for the delay. See Worden v.Francis, 170 Conn. 186, 188; Dorsey v. Honeyman, 14 Conn. 397,400 (1954); Schoolhouse Corp. v. Wood, 43 Conn. App. 586, 588-89
(1996) cert. denied, 240 Conn. 913 (1997).
The Defendant's Motion to Dismiss was filed on August 8, 1997, in excess of sixteen months after Plaintiff's death. Plaintiff did not respond to the Motion to Dismiss in accordance with Practice Book § 143.
Plaintiff, on October 20, 1997, the date the Motion to Dismiss was orally argued, filed a "Motion of Fiduciary to Be Substituted as Party." The Plaintiff's motion indicates that the co-executors of Plaintiff's will anticipate appointment as Executors within fourteen days.
Good cause is defined as a substantial reason amounting in law to a legal excuse for failing to perform an act required by law and a legally sufficient ground or reason. Schoolhouse Corp.v. Wood, supra, 43 Conn. App. 588; Robert v. Honeywell, Inc.,33 Conn. App. 619, 626, 637, cert. denied 229 Conn. 909 (1994); andSlifkin v. Condec Corp., 13 Conn. App. 538, 549 (1988).
Plaintiff has failed to establish a good cause for failure to move to substitute or even to qualify an executor or administrator in the eighteen months since Plaintiff's death.
The Motion to Dismiss is Granted. The appeal is dismissed. CT Page 10595
Robert F. McWeeny, J.