### SAMUEL R. TILTON, ADMINISTRATOR,
### V.
### JOSEPHUS YOUNT, EXECUTOR.

*Administration—Negotiable Instruments—Note—Statute of Limitations— Acts of 1849 and 1872—Sec. 101, Statute of Wills of 1845.*

1. The statute of limitations of 1872 is not applicable to contracts of prior date.

2. As a general rule. where a temporary incapacity to sue grows out of a particular provision of a statute, such disability interrupts the running of the statute of limitations.

3. In a proceeding to probate a note dated May 9, 1870, as a claim against the estate of the maker, the inability of the holder to maintain suit thereon against the administrator, for a period of one year, under Sec. 101, statute of wills of 1845, interrupted the running of the statute of limitations during the period of such inability.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Vermilion County; the Hon. C. B. SMITH, Judge, presiding.

Mr. GEORGE R. TILTON, for appellant.

Messrs. F. BOOKWALTER and ED. WINTER, for appellee.

WALL, J. This was a claim filed for probate in the County Court upon a promissory note signed by Milton Davis, bearing date May 9, 1870, payable six months thereafter to J. T. Yount. Davis died intestate July 30, 1886, and letters of administration were granted on his estate to Samuel R. Tilton, on the 12th day of November, 1886.

Yount, the payee, died testate on the 21st day of November, 1886, and his executor qualified on the 24th of the same month. The administrator of Davis appointed the January term, 1887, of the County Court, which was held on the 17th of the month, for the adjustment of claims, and on that day the note was presented for probate. The County Court rejected the claim and an appeal was prosecuted to the Circuit Court, where, upon a hearing *de novo*, the claim was allowed. The administrator of Davis has brought the case by appeal to this court.

The only defense urged is the statute of limitations. When the note was executed, in 1870, the period of limitation upon such contracts was sixteen years. By the act of 1872 this was changed to ten years; but, as was held in Smart v. Morrison, 15 Ill. App. 228, Blackburn University v. Weir, 21

Ill. App. 29, and Means v. Harrison, 114 Ill. 248, this act does not in this respect operate upon contracts previously entered into.

When the note was offered for probate more than sixteen years had elapsed since its maturity. In opposition to the apparent bar of the statute of limitations the appellee seeks to interpose Sec. 19 of the act of 1872, which provides that, "if a person against whom an action may be brought, die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his executors or administrators after the expiration of that time, and within one year after the issuing of the letters testamentary or of administration," and that "if a person entitled to bring an action die before the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his representatives after that time and within one year after his death." These provisions are not found in the statute of limitations in force prior to the act of 1872. We are of opinion that this Sec. 19 was, with the rest of the act, designed to affect no contracts existing when the enactment was made, and in view of what has been said in the cases above cited there is no occasion to elaborate upon the point.

These provisions are therefore not applicable to the case. Appellee, however, cites and relies upon the following provision contained in Sec. 101 of the statute of wills of 1845, Gross' Stat., Sec. 109, Chap. 30:

"No action shall be maintainable against any executor or administrator for any debt due from the testator or intestate, until the expiration of one year after the taking out of letters testamentary or of administration, except as is herein excepted, nor shall any person, suing after that time, recover costs against such executor or administrator, unless a demand be proved before the commencement of such suit; but in all other cases, both executors and administrators shall be liable to pay costs as other persons;" and insists that it prevents the statutory bar. This provision was in force up to 1872, when it was repealed by the present statute entitled, "Administration."

The repealing clause expressly saves and excepts "All suits that may be pending or any rights that may have accrued." As to suits then pending and rights then accrued the provision remained in force.

Rights had then accrued in reference to the contract here involved, and the provision is operative so far as those rights are concerned. By virtue of this provision no action could be maintained against the administrator of Davis for one year from the date of his letters of administration.

The statutory limitation of sixteen years had not fully run when Davis died, but the period was complete on the day after the letters were granted, the days of grace being allowed. From the death of Davis until the appointment of an administrator there was no person to be sued, and for one year after such appointment no action was maintainable. Whether the interval between the death of the debtor and the grant of administration should be deducted from the period of limitation, in the absence of a statutory exception, it is unnecessary to decide. In this connection, see Baker v. Brown, 18 Ill. 91; 7 Wait's Actions and Defenses, 278; Arkens v. Bailey, 5 Eng. 584; Etter v. Finn, 12 Ark. 632; Toby v. Allen, 3 Kan. 399; Abbott v. McElroy, 10 Smedes & M. 100. Fortunately for the creditor in this instance, before the statute had completely run, letters of administration were issued, and then by positive provision of statute there was a suspension of the cause of action.

"As a general rule, where a temporary incapacity to sue grows out of some particular provision of a statute, the time during which such temporary disability continues should be excluded from the computation." Angell on Limitations, Sec. 63. This is said to form an exception to the rule that after the statute begins to run it will continue, notwithstanding a subsequent disability. 7 Wait's Actions and Defenses, 279.

In Dowell v. Webber (cited by Angell), 2 Smedes & M., 452, it was held that the statute of Mississippi, allowing nine months after publication of letters of administration before suit may be brought against the administrator, has the effect to suspend the general act of limitations and thereby leave the

holder of a promissory note six years within which to sue, besides the nine months within which he is restrained from suing. The court say: "The general rule is that when the statute commences, it runs on notwithstanding any subsequent disability; yet when the disability grows out of some positive statutory provision, it seems but right to exclude, the time during which such temporary disability continues," and in support of this view the court cite Bradford v. McLemore, 3 Yerg. 318; Planters' Bank, etc., v. Bank of Alexandria, 10 Gill & J. 346; McInder v. Littlejohn, 1 Ired. 66, and Moses v. Jones, 2 Nott & McCord, 259, all of which will be found on examination to be in point.

We hold, therefore, the facts all considered, that when the claim was presented for probate the cause of action was not barred.

It is suggested by appellant that this is not an action against the administrator, and hence the provision under consideration can not apply.

This is a proceeding in which it is sought to probate the note as a claim against the estate, and the defense is that the demand is barred by the statute of limitations, which declares that "all actions founded upon any promissory note　*　*　* shall be commenced within sixteen years after the cause of action shall have accrued, and not thereafter." If for any reason an "action" is not so barred, the objection to the allowance of the claim is invalid.

We are of opinion that the judgment of the Circuit Court was right, and it will be affirmed.

*Judgment affirmed.*