RICHARD T. BARTON *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, Bridgeport, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The death of the plaintiff after judgment in his favor in the trial court and the filing of a notice of appeal by the defendant, suspends all proceedings until the action is revived by the entry of an executor or administrator to prosecute the action under the statute providing therefor.

The time limited by the statute for the several steps required to perfect an appeal ceases to run during such suspension.

The filing of a finding by the court, and of an appeal by the defendant, after the plaintiff's death and before entry by the executor or administrator, are nullities, and the appeal so taken will be erased from the docket of this court upon suggestion of the facts by an *amicus curiæ.*

A plea in abatement, filed in this court by the plaintiff's attorney who claims a lien on the judgment, must be overruled, since such attorney is not a party to the action and has no standing to file such a plea.

Argued April 15th—decided June 6th, 1902.

ACTION to recover damages for personal injuries, brought to the Court of Common Pleas in New Haven County and, after a default, heard in damages to the court, *Cable, J.;* facts found and judgment rendered for the plaintiff for $500, and appeal by the defendant for alleged errors in the rulings of the court. After the notice of appeal had been filed, but before the record had been perfected or the appeal itself had been taken, the plaintiff died intestate, and since his death no administrator has entered to prosecute the case.

In this court Mr. Hamilton, the attorney who tried the

case for the plaintiff below, pleaded the foregoing facts in abatement, and also filed a motion, as *amicus curiæ*, to erase the cause from the docket. *Plea in abatement overruled, and cause erased from docket.*

*Charles S. Hamilton*, in support of the plea and motion.

*Leonard M. Daggett*, in opposition to the plea and motion.

PRENTICE, J. The plaintiff's death occurred after judgment in the court below and after the defendant had in due time filed its notice of appeal. The proceedings preliminary to an appeal had progressed in due order and time, but the appeal itself had not been taken when the plaintiff died. Thereafter what remained to be done to prepare the record for the appeal was done, and an appeal was in form entered and allowed and bond given within the time prescribed by law.

There has never been an appearance by an administrator or executor to prosecute the cause.

The plaintiff's attorney is not a party to the cause. He, therefore, has no standing to plead either in abatement or to the jurisdiction.

The suggestion of the death of the plaintiff, made in his motion to erase, is one which may not be so summarily dismissed. The fact of death is conceded by the defendant. If, as a consequence of this fact occurring when it did, the cause is not pending in this court and this court has no jurisdiction over it, it should be erased from the docket. *Olmstead's Appeal*, 43 Conn. 110, 114; *Orcutt's Appeal*, 61 id. 378, 380.

By the common law the death of a sole plaintiff or defendant, *pendente lite*, abated the suit. Gould on Pleading (4th ed.), Chap. 5, § 90; *Booth* v. *Northrop*, 27 Conn. 325. We now have statutes providing for the prosecution and defense of actions by the executors or administrators of deceased parties. General Statutes, §§ 1005, 1006, 1012. During the interval, however, between the death and the revival of the action by the appearance of the executor or administrator,

the cause has no vitality. The surviving party and the court alike are powerless to proceed with it.

Such was the situation produced in the present case by the death of the plaintiff. Upon his decease it became one in which effective action could not be taken until it was given new life by the appearance of a party plaintiff qualified to proceed with it. At that time no appeal had been taken. The case was therefore not then in this court. It was still in the trial court for such action as might be necessary to make it ready for a removal to this court upon appeal. That action not having been taken, it could not be taken in the absence of a plaintiff. Neither preliminaries to the appeal, nor the appeal itself, were permissible steps in this then dormant proceeding. This court therefore has no jurisdiction of the cause.

The suggestion that the filing of the notice of appeal fixes the time when the jurisdiction of this court attaches, and that the subsequent proceedings required to be had in the trial court may be regarded as of that date and filed *nunc pro tunc*, is one which is not without plausible support in reason and, by analogy, in authority; but in view of the provisions of our statutes regulating appeals and providing for important action in the trial court which might seriously affect the interest of an unrepresented party, we think that it would be not only a stretch of construction, but a dangerous one, to hold as indicated. The position herein assumed we regard as a simpler, safer and more logical one.

We ought, perhaps, to add that we do not wish to be understood as implying that the plaintiff's death has deprived the defendant of his right of appeal. Our view is quite the contrary. When the plaintiff died there was by force of statute a stay of execution in full operation. The death did not remove the stay. It merely put the cause in a state of suspension. The court and the adverse party became, for the while, as we have already had occasion to observe, powerless to take any action to advance its progress. The machinery of the case was stopped. The statutory periods of time, which

formed a part of the prescribed method of procedure, necessarily ceased to run with the proceedings themselves.

There is a familiar principle of law embodied in the ancient maxims, *Lex non cogit ad impossibilia*, and *Impotentia excusat legem*, which might, if necessary, be invoked to the aid of a party in the situation created by the plaintiff's death. The defendant being legally powerless to act for his own protection would be held to be excused from acting. Broom's Legal Maxims, 242.

In the application of the statute of limitations the courts have emphasized their solicitous regard for the right of those who find themselves helpless to protect themselves before the law. For one reason or another it has been repeatedly held that the running of the period of the statute was suspended during disability. We have held that death arrested the operation of the statute upon claims against the deceased. *Bradley* v. *Vail*, 48 Conn. 375, 376; *Robbins* v. *Coffing*, 52 id. 118; *Continental Life Ins. Co.* v. *Barber*, 50 id. 567. It has been frequently held that where a plaintiff has been prohibited from pursuing his legal remedy by some paramount authority—as by a process of court or legislative act—the time of such prohibition was to be excluded from the computation. *Braun* v. *Sauerwein*, 10 Wall. 218; *United States* v. *Wiley*, 11 id. 508; *Union Mutual Life Ins. Co.* v. *Dice*, 14 Fed. Rep. 523; *Treasurer* v. *Martin*, 50 Ohio St. 197; *Tilton* v. *Yount*, 28 Ill. App. 580. The existence of a state of war, whereby a party is prevented from prosecuting his suit, suspends the operation of the statute. *Hanger* v. *Abbott*, 6 Wall. 532; *The Protector*, 9 id. 687. The pendency of bankruptcy and receivership proceedings has been given the same effect. *Broadfoot* v. *Fayetteville*, 124 N. C. 478, 495; *Greenwald* v. *Appell*, 17 Fed. Rep. 140, 141; *Jackson* v. *Fidelity & Casualty Co.*, 75 id. 359, 365.

The reason underlying these cases and the numerous others of the same general character, which is so well expressed in *United States* v. *Wiley*, *supra*, is the same reason which would dictate the suspension of the running of a time limit against this defendant by reason of the death of its adversary. It is

the application of the doctrine of necessity in the judicial effort to administer justice and equity.

The circumstances of the present case, however, do not necessitate the strict application of this rule. When the plaintiff died a motion to correct the finding was pending. The court had not acted upon it, but undertook to do so some six weeks later. The stay at that stage was therefore not one for a prescribed period of time. It was rather one whose continuance was contingent upon the happening of an event, to wit, the refiling of the finding. Until the court had acted upon the motion to correct, for however long a period that might be, the stay remained. As the court was by the death rendered incapable of action looking to the progress of the appeal, the stay became a continuing one, not terminating until such time as there should, by the entry of an executor or administrator to prosecute, be a revival of the cause.

So the situation stands to-day. The case is in the Court of Common Pleas where it was and as it was when the plaintiff died. The proceedings preparatory to an appeal are at the stage they then were, and the same stay which then existed still exists. If those in interest choose to take the appropriate steps to reap any benefits which may subsist in the judgment, then life will be given to the now dormant proceedings and the defendant afforded the opportunity it seeks to have the action of the trial court reviewed before execution shall issue against it.

The plea in abatement and to the jurisdiction is overruled, and the case is erased from the docket of this court.

In this opinion the other judges concurred.