CHARLES S. HAMILTON ET AL. *vs*. THE CITY OF NEW HAVEN.

Third Judicial District, Bridgeport, April Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The death of a plaintiff, intestate, after the rendition of a judgment in his favor, does not prevent the defendant from appealing to this court, but in order to exercise that right he must either procure the appointment of an administrator and cause him to be made a party to the action, or, if the judgment has been assigned—as in

Hamilton *v.* New Haven.

the present case—have the assignee made a party plaintiff. An attempted appeal without taking either of these steps is practically a nullity, and forms no obstacle to an action upon the judgment by the assignee, as such, in his own name, as authorized by § 631 of the General Statutes.

Whether the assignee of an unsatisfied judgment, rendered in an action to which he was not a party, can take out execution thereon in his own name, *quære.*

The attempted appeal of the defendant was dismissed by this court as ineffectual, upon motion of the present plaintiff, who had been the decedent's attorney in the trial court, but the court was not then informed of the assignment of the judgment. *Held* that the present plaintiff was not thereby estopped from suing as assignee, since the defendant had notice of the assignment before the motion to dismiss the appeal was made, and could have taken the steps necessary under those circumstances to revive the action and validate its appeal.

Argued April 15th—decided June 8th, 1909.

ACTION upon a judgment by the assignee thereof, brought to and tried by the Superior Court in New Haven County, *Reed, J.;* facts found and judgment rendered for the plaintiffs for $788, and appeal by the defendant. *No error.*

The questions presented by the demurrers are not materially different from those raised upon the trial of the issues of fact.

The trial court found these facts: On the 22d of November, 1901, Richard T. Barton recovered judgment in the Court of Common Pleas in New Haven County, against the present defendant, for $500, as damages for personal injuries received by him on account of a defective sidewalk in said city.

On the 22d of November, 1901, Barton assigned this judgment to his attorney, the plaintiff Mr. Hamilton, who, by agreement at the time of the assignment, is, after deducting therefrom the amount of his fees and disbursements in said suit, and the amount of certain loans, to pay the remainder of said judgment, when collected, to Mrs. Barton, who is a coplaintiff with him in this action. The defendant was immediately notified of this assignment.

On the 4th of January, 1902, Barton died intestate, without children, owing no debts, and having given all his property to his wife before his death. No administration upon his estate has been granted or applied for.

On the 23d of November, 1901, the defendant filed a notice of appeal to this court from said judgment in favor of Barton, and on December 4th, 1901, filed its draft-finding and request for a finding of facts, and on December 27th, 1901, *Judge Cable*, the presiding judge at the trial of said case, filed a finding of facts. On January 3d, 1902, the defendant filed a motion to correct this finding. On February 17th, 1902, *Judge Cable* refiled said finding as amended, and on February 24th, 1902, the defendant filed an appeal to the term of this court held on the second Tuesday of April, 1902, which appeal, upon motion of Mr. Hamilton as *amicus curiæ*, was erased from the docket. On June 6th, 1902, the defendant filed with the clerk of the Court of Common Pleas a suggestion of record of the death of said Barton. *Judge Cable* died June 9th, 1903. Prior to his death the plaintiff Hamilton applied for execution upon said judgment, which was refused, and he afterward brought an action in the City Court of New Haven upon said judgment, which was subsequently dropped at the annual call of the docket. The present action was commenced in February, 1908.

*Edward H. Rogers* and *Edward P. O'Meara*, for the appellant (defendant).

*Charles S. Hamilton*, for the appellees (plaintiffs)

HALL, J. It is contended by the defendant that the steps which it took to appeal from the judgment in favor of Barton, the death of Barton pending such attempted appeal, and the action of the plaintiff in procuring such appeal to be dismissed from this court, operate as a *supersedeas* of

the judgment in favor of Barton and prevent a recovery by the plaintiff in the present action.

In the case of *Barton* v. *New Haven*, 74 Conn. 729, 52 Atl. 403, we only decided that there was no appeal pending in this court, because the attempted appeal in the Court of Common Pleas was not filed until after the death of Barton, and without a revival of the action by the appointment of an administrator. We suggested in that case that the appointment of an administrator was necessary to enable the defendant to perfect its appeal. There has been no application for such appointment. The plaintiff insists that to enable the defendant to avail itself of its claimed right of appeal, it was its duty to apply for administration. The defendant 'claims that it has no such interest in the Barton estate as entitles it to ask for the appointment of an administrator, and further, that even though no valid appeal has been taken, yet, on account of the death of the only plaintiff in the suit of *Barton* v. *New Haven*, the judgment in his favor can only be enforced by the appointment of an administrator upon his estate.

When the case of *Barton* v. *New Haven* was before us we were not informed of the assignment to the plaintiff, Mr. Hamilton, of the judgment in Barton's favor. It now appears that Barton's estate had no interest in defending the defendant's appeal from the judgment in Barton's favor, and that it now has no interest in enforcing that judgment. A materially different question from that decided in *Barton* v. *New Haven* is therefore presented by this case. The question here is, does the death of Barton, or the attempted appeal, or both, operate to prevent the present plaintiff from enforcing the judgment in favor of Barton by an action upon it in his own name as assignee.

The appeal proceedings constitute no defense to this action. We have decided, as before stated, that no appeal was taken. The failure of the appeal was not the fault of this plaintiff, nor of those interested in the Barton estate.

The plaintiff, as assignee, was not required to aid the defendant in its attempt by its appeal to set aside the Barton judgment, and the estate of Barton had no beneficial interest either in the appeal or in the judgment. While an appeal to this court is regarded as a continuation of the original action, the appellant is virtually a plaintiff in that proceeding. The defendant's right to appeal was not defeated by the death of the plaintiff Barton (*Barton* v. *New Haven*, 74 Conn. 729, 52 Atl. 403; *Peer* v. *Cookerow*, 13 N. J. Eq. 136); but to avail itself of that right it devolved upon it to take the necessary steps to revive the action or the appeal. *Palmer* v. *Gardiner*, 77 Ill. 143, 148; *Hopkins* v. *Hopkins*, 91 Ky. 310, 15 S. W. 854. This it could have done either by procuring the appointment of an administrator, and by proper proceedings having him made a party to the suit or the appeal; General Statutes, §§ 318, 617, 621, 622; *Gale* v. *Corey*, 112 Ind. 39, 13 N. E. 108, 14 id. 362, and authorities above cited; or by procuring the present plaintiff, as the assignee of the judgment, to be made a party plaintiff to the action or a party to the appeal. General Statutes, §§ 631, 617, 621, 622; *Neilson* v. *Kansas City, St. J. & C. B. Ry. Co.*, 85 Mo. 599. Instead of taking either of these courses, the defendant seems to have awaited the action of those interested in the judgment, apparently believing that the judgment could only be enforced by the appointment of an administrator, and that whenever one should be appointed the defendant could proceed with its appeal.

The death of Barton after the assignment of the judgment does not prevent a recovery in this action. It is unnecessary to decide whether the assignee of an unsatisfied judgment, rendered in an action to which he was not a party, can procure execution to be issued in his own name. It may be observed, however, that § 4152 of the General Statutes permits the assignee of a judgment to cause a judgment lien to be recorded and foreclosed in his own favor. A judgment is a chose in action upon which, at

common law, the judgment creditor could maintain an action of debt; *Denison* v. *Williams,* 4 Conn. 402; and under § 631 of the General Statutes the assignee and bona fide owner of a judgment may sue upon it in his own name. Such is the character of the present action. The present plaintiff could have brought this action in his own name during Barton's life. Barton's death has not deprived him of that right.

The defendant further urges that Mr. Hamilton is estopped from maintaining this action as assignee, for the reason that he procured the defendant's appeal to be dismissed by this court, upon the ground of Barton's death, and by concealing the fact of the assignment of the judgment to himself. A sufficient answer to this claim is found in the fact that the defendant had notice of the assignment of the judgment before the motion to dismiss the appeal was made, and could have availed itself of such rights as it possessed by reason of the assignment, to revive the action for the purpose of prosecuting its appeal.

There is no error.

In this opinion the other judges concurred.