CESIRA LUCARELLI *vs.* EARLE C. DODDS, INCORPORATED, ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued June 9th—decided July 30th, 1936.

*Holmes T. Bracken,* for the appellant (named defendant).

*Arthur E. Howard, Jr.,* for the appellee (defendant Providence Granite Company).

*John Clark FitzGerald,* with whom, on the brief, was *David E. FitzGerald, Jr.,* for the appellee (plaintiff).

BANKS, J.   On March 20th, 1935, claimant's husband, Guerina Lucarelli, was fatally injured, in the course of his employment, through the breaking of a hoisting derrick as he was assisting in loading a block of granite upon a railroad car in Stony Creek.  Dodds, Inc., operated a quarry at Stony Creek, and had an agreement with the Industrial Fireproofing Corporation and the defendant Bernardo to deliver to the latter at the quarry certain granite, which he was to transport to Providence to be there fabricated by him

for the Fireproofing Corporation. The question presented upon this appeal is whether Lucarelli, at the time of the accident, was in the employ of Dodds, Inc., or of Bernardo.

The following relevant facts were found by the commissioner: The agreement between Dodds, Inc., and the Fireproofing Corporation was that the delivery of the granite was to be f.o.b. trucks at the quarry. On March 17th Bernardo went to the quarry in company with the quarry superintendent, picked out the stone, and arranged that, to speed matters up, his truck should deliver some stone to the railroad to be shipped by freight, and then bring a load back to Providence in the truck. Only a truck driver was to be sent with the truck, and Dodds, Inc., agreed to see that there were men to assist him in loading from the truck to the freight car. On March 18th three men who had been working at the Dodds quarry were assisting the truck driver in loading the stone on the freight car when something went wrong with the derrick and they were unable to continue. On March 20th the truck driver asked that a man familiar with the derrick join them in loading the stone. Lucarelli had been in the employ of Dodds, Inc., since March 4th and was familiar with the derrick. He joined the original crew of three men. Shortly after they commenced to use the derrick it broke and Lucarelli was killed. The commissioner overruled the claim of Dodds, Inc., that Lucarelli was in the employ of Bernardo at the time of the accident, and held that he was an employee of Dodds, Inc., temporarily lent or let on hire to Bernardo, and, while so loaned, continued to be, within the intendment of the Compensation Act, an employee of Dodds, Inc. Dodds, Inc., appeals from the judgment of the Superior Court dis-

missing its appeal from the finding and award of the commissioner.

The appellant claims that Lucarelli and the other three men who were helping load the stone on the freight car were merely casual laborers picked up to work on an hourly basis, and that their employment by it ceased when they started to work for Bernardo. It contends that there was no evidence to support the finding of the commissioner that it agreed to furnish men to assist in loading the stone, and that Lucarelli was loaned in response to the request of the truck driver for a man familiar with the derrick. Appellant's superintendent testified that Lucarelli had worked for it five or six days a week from the time when it started operations. Also that the truck driver asked for a man who was familiar with the derrick, and that, after consulting with the foreman of the quarry, they got Lucarelli. Bernardo testified that it was agreed that the stone was to be loaded on the cars by appellant's men, and that it would bill Bernardo for the time of the men. This was disputed by the appellant but there was evidence to support the finding of the commissioner, and his conclusion from the subordinate facts that Lucarelli was an employee of the appellant loaned to Bernardo for this particular job of loading the stone upon the freight car was warranted.

The appellant sought to have the finding of the commissioner corrected by the addition of numerous paragraphs of its motion to correct. A number of the facts stated in these paragraphs were undisputed but either immaterial or unimportant, and others were facts as to which there was a conflict in the evidence. The appellant contends that the facts found by the commissioner do not present a sufficient basis upon which to present his conclusions for a review by this

court. The finding states concisely the ultimate material facts, and it does not appear that the evidence would justify the finding of additional subordinate facts which could affect the validity of the conclusions of the commissioner.

One of the claims of the appellant was that it had no supervision or control over the work of Lucarelli, but that the latter, in the performance of the work upon which he was engaged when he was killed, was subject to the direction and control of Bernardo, who was consequently his employer within the meaning of the Compensation Act. See *Parsons* v. *Daly & Sons*, 114 Conn. 143, 149, 158 Atl. 216; *Massolini* v. *Driscoll*, 114 Conn. 546, 549, 550, 159 Atl. 480. Subsequent to the accidents involved in those cases, and prior to that here involved, the Legislature, in 1931, adopted an amendment of the Act, now § 1616c of the General Statutes, Cum. Sup. 1935, which reads as follows: "When the services of a workman shall be temporarily lent or let on hire to another person by the person with whom the workman has entered into a contract of service, the latter shall, for the purposes of the Workmen's Compensation Act, be deemed to continue to be the employer of such workman while he is so lent or hired by another." The right of direction and control of the employee is no longer the test in determining the question of liability for compensation, but such liability is in all cases imposed upon an employer who has "temporarily lent or let on hire" to another the services of one of his employees.

One of the reasons of appeal is based on the refusal of the commissioner to open the award to permit the appellant to offer further evidence. The motion to open the award was not based upon any changed condition of fact which had arisen necessitating a modification of the award. In the assignments of error it

is stated that the commissioner refused to open the award so as to permit the appellant to offer evidence that Lucarelli was in the employ of Bernardo at the time of his death, that he and five other persons understood that they were so employed and looked to Bernardo for compensation, and that the latter had promised to pay them. It is not claimed that the evidence which the appellant desired to offer was discovered since the hearing was closed. It is stated in appellant's brief that it was not represented by counsel at the hearing, that these witnesses were present under subpoenas issued by the plaintiff, and that its president, Dodds, who conducted the case for it, went upon the assumption that he was not privileged to offer their testimony, and did not call them. He did call one of them, who testified that the men understood they were working for Bernardo. The evidence of the others, if they had been called by Dodds, would have been cumulative. The commissioner found, and was justified in finding, that the evidence offered was at all times in Dodds' possession and that, even if presented, it would not have affected or materially changed the decision. Whether or not to open the award was within the discretion of the commissioner. *Gonirenki* v. *American Steel & Wire Co.*, 106 Conn. 1, 7, 137 Atl. 26; *McGrath* v. *Crane Co.*, 119 Conn. 170, 173, 175 Atl. 572; *Kearns* v. *Torrington*, 119 Conn. 522, 530, 177 Atl. 725. There is nothing in the record to indicate an abuse of this discretion.

It was stated at the argument that since the taking of the appeal the defendant Bernardo had died, and that no representative of his estate had been appointed. Under these circumstances no judgment could be entered in this court which would affect his estate. *Barton* v. *New Haven*, 74 Conn. 729, 730, 52 Atl. 403; *Hamilton* v. *New Haven*, 82 Conn. 208,

212, 73 Atl. 1. However, the claim might originally have been made against the defendant Earle C. Dodds, Inc., alone, and, as the case now stands, the situation is as though that procedure had been adopted. The judgment of the trial court dismissing the appeal, which we affirm, makes effective the award as against Earle C. Dodds, Inc., without regard to the rights or liabilities of Bernardo except as they are incidentally involved. *Norris* v. *Sullivan,* 47 Conn. 474, 477.

There is no error.

In this opinion the other judges concurred.