## ANTHONY DEPAOLA, JR. *v.* CUMMINS DIESEL ENGINES OF CONNECTICUT ET AL.

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 88731
AT NEW HAVEN

Memorandum filed July 11, 1960

*Albert W. Cretella, Jr.,* of New Haven, and *Zampano & Mager,* of East Haven, for plaintiff Anthony DePaola, Jr.

*Gormley & Gormley,* of New Haven, for T. A. D. Jones and Co., Inc., intervening plaintiff.

*Reilly & Reilly,* of New Haven, and *Jerome T. Malliet,* of Hartford, for named defendant.

*Thomas J. O'Sullivan,* of New Haven, for defendant New York, New Haven & Hartford Railroad Co.

TROLAND, J. The essence of the fourth defense is that if on September 12, 1957, as alleged in the complaint, the plaintiff was an employee of T. A. D. Jones and Company, Inc., and on said day was directed by his said employer to assist the agents and employees of the defendant Cummins Diesel Engines of Connecticut in the repair of a diesel engine then on the premises of said T. A. D. Jones and Company, Inc., and if while so engaged plaintiff was subject to the instructions, direction and control of said agents of the defendant Cummins Diesel Engines of Connecticut, as alleged in the complaint, then the right of the plaintiff to maintain his action at common law against said defendant Cummins Diesel Engines of Connecticut has been replaced by the provisions of the Workmen's Compensation Act of the state of Connecticut.

Presumably this claim is that under the circumstances set forth above the plaintiff thereby became an employee of said defendant Cummins Diesel Engines of Connecticut and that said company became liable to pay him workmen's compensation for the injuries sustained during the project alleged.

The question as to who in a case like this is the employer within the meaning of the compensation act has recently been the subject of legislative action and judicial determination. The statute in force in 1957 reads: "When the services of a workman shall be temporarily lent or let on hire to another person by the person with whom the workman has entered into a contract of service, the latter shall, for the purposes of the workmen's compensation act, be deemed to continue to be the employer of such workman while he is so lent or hired by another." Rev. 1949, § 7424 (General Statutes § 31-155). Our Su-

preme Court of Errors has held: "The right of direction and control . . . is no longer the test in determining the question of liability for compensation, but such liability is in all cases imposed upon an employer who has 'temporarily lent or let on hire' to another the services of one of his employees." *Lucarelli* v. *Earle C. Dodds, Inc.,* 121 Conn. 640, 644.

For the above reasons the demurrer to the fourth defense is sustained.