HARRY BOMSTEIN *v.* BOUCHER AGENCY, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 2-6610-47479

Argued January 22—decided February 9, 1968

*Raphael Korff,* of Bridgeport, for the appellant (defendant).

JACOBS, J. At oral argument of this appeal held at a session of the Appellate Division on Novem-

ber 6, 1967, it was stated by the appellant, the defendant, that since the taking of the appeal the plaintiff had died and that no representative of his estate had been appointed. We continued the case on the docket of this court in order to give plaintiff's administrator or executor an opportunity to defend against the appeal. At a session of this court held on January 22, 1968, we were informed that no steps had been taken for the appointment of an administrator of the estate of the plaintiff.

"By the common law the death of a sole plaintiff or defendant, *pendente lite,* abated the suit. Gould on Pleading (4th ed.), Chap. 5, § 90; *Booth* v. *Northrop,* 27 Conn. 325. We now have statutes providing for the prosecution and defense of actions by the executors or administrators of deceased parties. General Statutes . . . [§§ 52-599, 52-600]. During the interval, however, between the death and the revival of the action by the appearance of the executor or administrator, the cause has no vitality. The surviving party and the court alike are powerless to proceed with it." *Barton* v. *New Haven,* 74 Conn. 729, 730; see *Lucarelli* v. *Earle C. Dodds, Inc.,* 121 Conn. 640, 645; *Hamilton* v. *New Haven,* 82 Conn. 208, 211. "The general rule is that upon the death of a party to an appeal someone should be substituted in place of the deceased party, usually either a personal representative, heir, or other successor in interest." 4 Am. Jur. 2d 777, Appeal and Error, § 286. "Ordinarily, . . . after the death of a party the court should take no further action until the substitution of a personal representative." 1 Freeman, Judgments (5th Ed.) § 406, p. 887; see Pound, Appellate Procedure in Civil Cases, p. 254, n.3. This is not because the death affects the judgment, but it is because where a party to an action dies after judgment, the authority of his attorney is terminated, and, to prosecute or defend against an appeal,

or otherwise act in the case to bind any party, he must obtain authority by means of employment by the decedent's personal representative.

Thus, in the case before us, in the absence of the substitution of an executor or administrator as the proper party plaintiff, this court may not proceed to a determination of the appeal on the merits.

The case is ordered erased from the docket of the Appellate Division.[1]

In this opinion KINMONTH and MACDONALD, Js., concurred.

---

[1] For the same reasons, in a companion case, *Boucher Agency, Inc.* v. *Bomstein,* CV 2-6610-47752, an action for vexatious suit, an appeal by the plaintiff therein, the present defendant, was erased from the docket of the Appellate Division.