PINNEY, PAYNE, VAN LENTEN, BURRELL, WOLFE AND DILLMAN, P.C., ET AL. *v.* SUSAN O. TAMSETT
(AC 22489)

Lavery, C. J., and Schaller and Dranginis, Js.

Argued October 17, 2002—officially released January 28, 2003

*Susan O. Tamsett,* pro se, the appellant (defendant).

*Christopher G. Winans,* for the appellee (named plaintiff).

*Opinion*

SCHALLER, J. The defendant, Susan O. Tamsett, appeals from the judgment of the trial court confirming an arbitration award in favor of the plaintiff attorney, Sheldon Rosenbaum. On appeal, the defendant claims that the court improperly (1) confirmed the arbitration panel's decision in favor of Rosenbaum when she wanted to challenge that decision on the basis of a conflict of interest regarding the composition of the arbitration panel, (2) accepted the arbitration decision even though she was not provided a "blind" arbitration because the professional members of the panel personally knew Rosenbaum, (3) approved the decision of the arbitration panel even though the lay member of the panel was found to have had a previous relationship with the professional members of the panel and (4) rendered judgment on the basis of a purported agreement that had not been submitted to the court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. The defendant was a client of Rosenbaum, an attorney who was licensed to practice law in this state prior to his death in August, 2001. During the representation, the defendant's bill for legal services rendered reached $18,534.63. Rosenbaum claimed that the defendant had failed to pay $12,191.29 of the balance because she was not satisfied with the result of the legal proceedings. The defendant claimed that a portion of those fees were billed to her ex-husband. To resolve the dispute with Rosenbaum, the defendant filed a fee arbitration appli-

cation with the Connecticut Bar Association (bar association). Following an arbitration hearing held before a three person panel of the bar association, the arbitration panel awarded Rosenbaum $7000 on June 6, 2001.

On July 19, 2001, after the expiration of the statutory time limit established to file an application to vacate or to modify an arbitration award, Rosenbaum and the law firm that employed him, the plaintiff Pinney, Payne, Van Lenten, Burrell, Wolfe and Dillman, P.C. (law firm), filed an application to confirm. Rosenbaum subsequently died on August 13, 2001. A hearing then was held on the plaintiffs' confirmation application on October 29, 2001, which the court granted. The defendant now appeals from that decision.

At oral argument before this court, the attorney for the law firm sought to substitute as a plaintiff the executrix of Rosenbaum's estate. We initially granted the motion to substitute on October 28, 2002. Subsequently, the defendant filed a motion requesting permission to file a late motion to reconsider our decision to grant the motion to substitute, which we have granted. Before we address the issues raised by the defendant on appeal, we must first determine whether the law firm or Rosenbaum had standing to seek to have the arbitration award confirmed. After our careful review of the record, we conclude that at the time the judgment confirming the award was rendered, neither party had standing.

"If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause. . . . Further, the court has a duty to dismiss, even on its own initiative, any [portion of the] appeal that it lacks jurisdiction to hear. . . . see *Daley* v. *Hartford*, 215 Conn. 14, 27–28, 574 A.2d 194, cert. denied, 498 U.S. 982, 111 S. Ct. 513, 112 L. Ed. 2d 525 (1990) (the question of subject matter jurisdiction, because it addresses the basic competency of the court, can be

raised by any of the parties, or by the court sua sponte, at any time). . . .

"Standing is . . . a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of direct injury [that the complainant] has suffered or is likely to suffer, in an individual or representative capacity. Such a personal stake in the outcome of the controversy . . . provides the requisite assurance of concrete adverseness and diligent advocacy." (Citations omitted; internal quotation marks omitted.) *Ramos* v. *Vernon*, 254 Conn. 799, 808–809, 761 A.2d 705 (2000).

I

General Statutes § 52-417 provides in relevant part: "At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, *any party to the arbitration* may make application to the superior court for the judicial district in which one of the parties resides . . . for an order confirming the award. . . ." (Emphasis added.) "[S]tatutory language is to be given its plain and ordinary meaning. . . . If the language of the statute is clear, it is assumed that the words themselves express the intention of the legislature and there is no room for judicial construction of the statute." (Citations omitted.) *Mazur* v. *Blum*, 184 Conn. 116, 118–19, 441 A.2d 65 (1981). Section 52-417 clearly states that only a party to the arbitration can seek to have a court confirm an arbitration award. See *Hartford* v. *Local 308*, 171 Conn. 420, 429, 370 A.2d 996 (1976).

In this case, the parties to the arbitration were the defendant and Rosenbaum. The law firm was not involved in the arbitration. It did not become involved in this case until it joined Rosenbaum's application to have the arbitration award confirmed. Consequently, the law firm was not a party to the arbitration and, consequently, did not have standing to seek to have the arbitration award confirmed. See General Statutes § 52-417.

II

This case originated when the defendant sought arbitration to settle a fee dispute against Rosenbaum. Subsequent to Rosenbaum's seeking to have the arbitration award confirmed, Rosenbaum passed away. The trial court, however, continued with the proceedings and held a hearing and granted the confirmation application after Rosenbaum's death.

"Although at common law the death of a sole plaintiff or defendant abated an action . . . by virtue of [General Statutes] § 52-599, Connecticut's right of survival statute, a cause of action can survive *if* a representative of the decedent's estate is substituted for the decedent. It is a well established principle, however, that [d]uring the interval . . . between the death and the revival of the action by the appearance of the executor or administrator, the cause has no vitality. The surviving party and the court alike are powerless to proceed with it." (Citation omitted; emphasis added; internal quotation marks omitted.) *Burton* v. *Browd*, 258 Conn. 566, 570–71, 783 A.2d 457 (2001). Accordingly, without a valid motion to substitute a plaintiff qualified to proceed on behalf of Rosenbaum, the court did not have the authority to continue with the arbitration confirmation process. See *Barton* v. *New Haven*, 74 Conn. 729, 731, 52 A. 403 (1902). Upon the death of Rosenbaum, "[t]he court and [Rosenbaum] became, for the while, as we

have already had occasion to observe, powerless to take any action to advance [the] progress [of the matter]. The machinery of the case was stopped." Id.

In this case, the motion to substitute was filed in the trial court and at oral argument before this court by the law firm, which we have determined to lack standing to be a party. Without standing, the law firm cannot file a motion to substitute. Without such a motion, the trial court was without authority to proceed with the confirmation hearing. Upon Rosenbaum's death, he no longer was a party to the underlying arbitration confirmation action, and it is incumbent upon his executrix to seek to be substituted as a plaintiff for the case to be reinstated. Accordingly, the court improperly confirmed the arbitration award on October 29, 2001.

The judgment confirming the arbitration award is vacated. The defendant's motion to reconsider our granting of the motion to substitute as the plaintiff the executrix of the estate of the plaintiff Sheldon Rosenbaum is granted, and our prior decision granting the motion to substitute is vacated; the case is remanded for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.