******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# FRANCIS A. COCCHIA *v.* ROBERT TESTA
## (AC 44026)

Moll, Cradle and Clark, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant T, who had agreed to indemnify the plaintiff from certain liability, following T's alleged default on that indemnification agreement. After T's death, the trial court granted the plaintiff's motion to substitute R, the trustee of a trust to which T had transferred certain real property, as a defendant. The plaintiff then filed an amended two count complaint, alleging in one count that T had breached the indemnification contract with the plaintiff and, in the second count, that R, as trustee, had fraudulently accepted the conveyance of the real property to the trust, knowing that T was indebted to the plaintiff. The court defaulted R for failure to appear and rendered judgment in favor of the plaintiff, awarding him damages. The court thereafter denied R's motion to dismiss the action on the basis that the court lacked personal jurisdiction over him, and R appealed to this court. *Held* that the trial court properly denied R's motion to dismiss, as it had personal jurisdiction over R; although the court cited R into the case pursuant to the plaintiff's motion to substitute the defendant, that motion was effectively a motion to add R as a new and separate party under the theory of liability that R was a fraudulent transferee of T's assets, as the motion identified R by name and in his capacity as trustee and alleged that the trust received assets from T in order to place those assets beyond the plaintiff's reach, and the operative complaint, with which R was served, did not seek to recover from R for breach of the underlying indemnification agreement but alleged only that R was liable as a fraudulent transferee.

Argued April 7—officially released August 10, 2021

*Procedural History*

Action to recover damages for breach of contract, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Kavanewsky, J.*, granted the plaintiff's motion to substitute Robert J. Testa, Jr., trustee of the Karen M. Testa Separate Property Trust, as a defendant; thereafter, the plaintiff filed an amended complaint; subsequently, the defendant Robert J. Testa, Jr., trustee, was defaulted for failure to appear, and the court, *Genuario, J.*, after a hearing in damages, rendered judgment for the plaintiff; thereafter, the court, *Hon. Taggart D. Adams*, judge trial referee, denied the motion to dismiss filed by the defendant Robert J. Testa, Jr., trustee, and the defendant Robert J. Testa, Jr., trustee, appealed to this court. *Affirmed.*

*Christopher D. Hite*, for the appellant (defendant Robert J. Testa, Jr., trustee).

*Todd R. Michaelis*, with whom was *Stephen J. Conover*, for the appellee (plaintiff).

*Opinion*

CLARK, J. The defendant Robert J. Testa, Jr., trustee (trustee) of the Karen M. Testa Separate Property Trust (trust), appeals from the trial court's denial of his post-judgment motion to dismiss the action in which a default judgment had been rendered against him. On appeal, the defendant claims that the trial court lacked personal jurisdiction over him and, therefore, improperly denied his motion to dismiss. We affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to our disposition of this appeal. In April, 2016, the plaintiff, Francis A. Cocchia, commenced the present action against the now deceased defendant Robert Testa (Testa) to enforce an agreement between them. The plaintiff alleged that on June 30, 2009, Testa had agreed to indemnify him from liability on a mortgage and note the plaintiff had signed in favor of a bank. Testa allegedly owed the plaintiff $196,500 under that agreement, payable in monthly installments of $1444.76. The plaintiff alleged in a single count complaint that Testa failed to make payments in accordance with the agreement, and that when the plaintiff commenced the present action, Testa owed $165,298.67, plus interest, the costs of collection, and attorney's fees.

In April, 2017, while the case was pending, Testa and his wife, Karen Testa, were killed in a car accident in Arizona. Following Testa's death, no activity occurred in the case until February 6, 2018, when the plaintiff filed a request for leave to amend his complaint, seeking to add a count against the trust. The first count of the proposed amended complaint incorporated by reference the sole count in the original complaint. The newly added second count alleged a fraudulent transfer of assets between Testa and the trust. Specifically, in the second count, the plaintiff incorporated the allegations of the first count and alleged that Testa had transferred real property he owned in Arizona to the trust in 2015, while indebted to the plaintiff, in a knowing effort to defraud the plaintiff and to deprive him of assets in the event he obtained a judgment against Testa. The plaintiff sought monetary damages and to set aside the conveyance of the real property to the trust.

One year later, on February 6, 2019, the plaintiff filed a motion titled "Motion to Substitute Defendant" in which he moved, pursuant to Practice Book § 9-18,[1] to "substitute [the trustee] of the [trust] as the [d]efendant." In his motion, the plaintiff claimed that Testa had fraudulently conveyed property to the trust in order to place it outside the plaintiff's reach, and further contended that (1) "[n]o estate has been opened in Connecticut,"[2] (2) the plaintiff had a pending action against "the various [d]efendants, including the [trustee]" in Arizona, and (3) "[t]he [d]efendants therein are

attempting to avoid the [p]laintiff's debt by claiming the instant action in Connecticut is the controlling case or venue." The court, *Kavanewsky, J.*, granted the motion to substitute on February 19, 2019. The clerk's office removed Testa as a party from the court's docket sheet on February 25, 2019. After the motion to substitute was granted, the plaintiff filed an amended complaint on April 12, 2019, which became the operative complaint. The operative complaint incorporated by reference to the original complaint a breach of contract claim against Testa in count one. In addition, the operative complaint alleged a fraudulent transfer claim in count two, this time against the trustee rather than the trust.[3] Specifically, it alleged that the trustee, rather than the trust, was aware of Testa's debt and knowingly aided, abetted, and conspired with Testa in accepting the conveyance of the Arizona property for a fraudulent purpose. The return date for the operative complaint was April 23, 2019.

The plaintiff subsequently filed with the court a return of service indicating that the summons and operative complaint were served on the trustee in Arizona on March 27, 2019, by way of in hand personal service.[4] When the trustee did not file a timely appearance, the plaintiff filed a motion for default against him for failure to appear on April 26, 2019. The clerk granted the motion for default on May 14, 2019. Thereafter, the pleadings were closed, and the court, *Genuario, J.*, held a hearing in damages on July 18, 2019. On August 28, 2019, the court issued a memorandum of decision.

In its decision, the court found that the plaintiff had testified credibly that Testa was indebted to him in the total amount of $206,348 pursuant to the indemnification agreement. The court recognized that the trustee was not a party to that agreement but found that, because the trustee had been defaulted, he had admitted the allegations of the operative complaint's second count, namely, that Testa had conveyed property to the trust for the purpose of placing assets out of the plaintiff's reach while indebted to the plaintiff, and that the trustee, knowing of the debt, accepted the conveyance on behalf of the trust for that fraudulent purpose. The court thus found that the Arizona property transfer was fraudulent and made for the purpose of concealing assets from the plaintiff. The court rendered judgment in favor of the plaintiff in the amount of $206,348 on the first count and in favor of the plaintiff and against the trustee on the second count.

On December 27, 2019, the trustee moved to dismiss the action.[5] In the motion to dismiss, the trustee claimed that the court lacked personal jurisdiction over him because he was not properly cited into the case pursuant to General Statutes §§ 52-107 and 52-108 and Practice Book § 9-22.[6] He contended that the motion to substitute was not a proper vehicle for making him a party

because he was not, and was not alleged to have been, a fiduciary for Testa, who was deceased at the time the motion was filed. He further argued that "attempting to add a new party by means of an [a]mended [c]omplaint and [s]ummons is simply insufficient and [Connecticut courts have] dismissed cases for failure to properly cite in an additional party defendant." Lastly, the trustee claimed that (1) the court had never granted the plaintiff leave to amend his complaint prior to filing the motion to substitute, (2) the summons and operative complaint that were served on him did not match the one attached to the plaintiff's request to amend, (3) the plaintiff had selected "a completely arbitrary return date," and (4) Testa's counsel did not receive notices from the court because he had been removed from the docket sheet by the clerk's office following Testa's death.[7]

The plaintiff objected to the motion to dismiss on the merits of the trustee's procedural claims but did not argue that the motion was untimely. The court, *Hon. Taggart D. Adams*, judge trial referee, summarily sustained the plaintiff's objection to the motion to dismiss on February 21, 2020. The trustee subsequently moved for an articulation. In response, the court explained: "[T]he court . . . sustained the objection of the plaintiff to the defendant's motion to dismiss after reading and considering the motion and objection and hearing oral argument on the subject on [February 10, 2020], because it found the order of Judge Kavanewsky granting the motion to substitute [the trustee] as [the] defendant to be appropriate as well as the order of default as to [the trustee] to be appropriate. The decision of Judge Genuario was also appropriate in implicitly finding the service of process on [the trustee] to be valid, and there is little evidentiary support for the argument that the return of service was not accurate . . . ." This appeal followed.

On appeal, the trustee makes just one claim: the trial court improperly denied his postjudgment motion to dismiss for lack of personal jurisdiction because he was not properly cited in as a defendant.[8] Specifically, he claims that the court improperly added him to the case pursuant to the plaintiff's motion to substitute, rather than by way of a motion to cite in an additional party, and that the motion to substitute was effectively a nullity. As a result, he argues that the court never had personal jurisdiction over him.[9] For the reasons that follow, we disagree.

We begin by setting forth the applicable standard of review. "The standard of review for a court's decision on a motion to dismiss . . . is well settled. . . . A motion to dismiss tests . . . whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will

be de novo." (Internal quotation marks omitted.) *Izzo* v. *Quinn*, 170 Conn. App. 631, 636, 155 A.3d 315 (2017). "A challenge to the personal jurisdiction of the trial court is a question of law, requiring that we employ a plenary standard of review." *Thompson Gardens West Condominium Assn., Inc.* v. *Masto*, 140 Conn. App. 271, 278, 59 A.3d 276 (2013).

On appeal, the trustee argues the trial court lacked personal jurisdiction over him because he was never properly cited into the case as a party. He points out that he was added pursuant to the plaintiff's "motion to substitute" and that he did not meet the criteria for a substituted party under General Statutes § 52-599.[10] The plaintiff counters that the motion to substitute was "inaptly titled" and was, in effect, a request to add the trustee as a new and distinct party defendant on the newly added second count of the operative complaint alleging a fraudulent transfer against the trustee. He urges us to look at the context and substance, not the name, of the motion. We agree with the plaintiff.

"In certain circumstances, this court previously has looked beyond the label of a motion to reclassify it when its substance did not reflect the label applied by the moving party." *Santorso* v. *Bristol Hospital*, 308 Conn. 338, 351, 63 A.3d 940 (2013); see also *Whalen* v. *Ives*, 37 Conn. App. 7, 17, 654 A.2d 798 (functional effect of motion was determinative), cert. denied, 233 Conn. 905, 657 A.2d 645 (1995). In the present case, it is plain from the content and substance of the "motion to substitute" that the plaintiff was asking the court to add the trustee as a defendant in this matter solely on the basis of his alleged liability as a fraudulent transferee of Testa's assets. The inaptly titled "motion to substitute" identified the trustee by name and in his capacity as trustee of the trust. It went on to allege that the trust had received assets from Testa "in order to place these assets beyond the reach of the plaintiff." The motion did not allege that the trustee was a party to the underlying indemnification agreement between the plaintiff and Testa or seek to "substitute" the trustee for Testa as the party liable to the plaintiff under the terms of that agreement. After the court granted the motion, the plaintiff filed and served the operative complaint on the trustee. Consistent with the substantive allegations in the inaptly titled "motion to substitute," the operative complaint did not seek to recover from the trustee for breach of the underlying indemnification agreement between the plaintiff and Testa. It alleged only that the trustee is liable to the plaintiff in count two as a fraudulent transferee.[11]

The trustee cites various cases in which parties improperly sought to add a party by simply amending a complaint. Those cases are inapposite because in each of those cases, and unlike the present case, a party failed to seek and to obtain from the court permission to

add a new party prior to serving an amended complaint naming that party as a new defendant.

We conclude that the inaptly titled "motion to substitute" was, in effect, a motion to add the trustee as a new and separate party under a different theory of liability. Because the court granted that motion and the trustee was subsequently served with the operative complaint, the court had personal jurisdiction over him.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Practice Book § 9-18 provides in relevant part: "The judicial authority may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the judicial authority may direct that they be brought in. If a person not a party has an interest or title which the judgment will affect, the judicial authority, on its motion, shall direct that person to be made a party. . . ."

[2] The record does not reflect that the plaintiff petitioned the Probate Court to open an estate pursuant to General Statutes § 45a-316. Section 45a-316 provides in relevant part: "Whenever, upon the application of a creditor or other person interested in the estate of a deceased person, it is found by the court of probate having jurisdiction of the estate that the granting of administration on the estate . . . will be delayed, or that it is necessary for the protection of the estate of the deceased, the court may, with or without notice, appoint a temporary administrator to hold and preserve the estate until the appointment of an administrator or the probating of the will. . . ."

[3] "[A]s a general rule, the trustee is a proper person to sue or be sued on behalf of a trust." (Internal quotation marks omitted.) *Day* v. *Seblatnigg*, 186 Conn. App. 482, 499, 199 A.3d 1103 (2018), cert. granted, 331 Conn. 913, 204 A.3d 702 (2019).

[4] Although the trustee challenged the sufficiency of service of process in the trial court, on appeal he does not challenge the trial court's finding that there was "little evidentiary support for the argument that the return of service was not accurate . . . ."

[5] The trustee also filed a motion to open, vacate, and set aside the judgment, in which he raised several procedural claims. The plaintiff objected on the merits of the trustee's procedural claims and on the ground that the motion to open was untimely under Practice Book § 17-4. The court, *Hon. Taggart D. Adams*, judge trial referee, summarily sustained the plaintiff's objection to the motion to open on January 22, 2020. The trustee has not appealed from that order, and it is not relevant to the present appeal.

[6] General Statutes § 52-107 provides: "The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that such other parties be brought in. If a person not a party has an interest or title which the judgment will affect, the court, on his application, shall direct him to be made a party."

General Statutes § 52-108 provides: "An action shall not be defeated by the nonjoinder or misjoinder of parties. New parties may be added and summoned in, and parties misjoined may be dropped, by order of the court, at any stage of the action, as the court deems the interests of justice require."

Practice Book § 9-22 provides: "Any motion to cite in or admit new parties must comply with Section 11-1 and state briefly the grounds upon which it is made."

[7] Though the same lawyer represented both Testa and the trustee in the trial court, the trustee does not explain how he was prejudiced by the removal of Testa from the case prior to the time his lawyer appeared in the case on his behalf. The trustee is a separate party, was served in hand and had an independent responsibility to appear and defend.

[8] We note that the trustee has not appealed from the denial of the motion to open the judgment. See footnote 5 of this opinion. As a general matter, we cannot afford an appellant practical relief when the judgment has not been opened. The present case, however, is analogous to *Weinstein & Wisser, P.C.* v. *Cornelius*, 151 Conn. App. 174, 177–79, 94 A.3d 700 (2014),

in which this court allowed an appeal to proceed under similar factual circumstances.

In that case, the defendant filed simultaneous postjudgment motions to dismiss and to open a default judgment. Id., 177. The trial court denied the motion to open and then denied the motion to dismiss on the ground that the case would have to be opened before that motion could be considered. Id., 177–78. The defendant appealed only from the denial of the motion to dismiss, to which the plaintiff raised a mootness challenge. Id., 178. The defendant argued that the appeal was not moot because the challenge he raised in the motion to dismiss would have rendered the judgment void and obviated the need for a motion to open. Id.

This court decided that the failure to appeal from the denial of the motion to open was not fatal, stating that "[i]n this case . . . the issue of mootness is inextricably intertwined . . . with the issue raised by the defendant on appeal . . . . The motions asserted the same grounds and sought very similar relief. In order to avoid a mootness challenge, the defendant properly should have appealed from the denial of the motion to open. But in the unusual circumstances of this case, where the two grounds of decision are by no means independent . . . it would doubtlessly exalt form over substance to avoid considering the merits of the appeal because the defendant appealed from the wrong ruling." (Citations omitted; internal quotation marks omitted.) Id., 179; see also *Josephine Towers, L.P.* v. *Kelly*, 199 Conn. App. 829, 835, 238 A.3d 732 ("[a]lthough technically the court should have ruled on the motion to open before any other motion was entertained, the nearly simultaneous filing and consideration of the two motions in this case, together with the identity of issues presented . . . compel the conclusion that declining to address the merits of the motions would be a hypertechnical elevation of form over substance," citing *Weinstein*), cert. denied, 335 Conn. 966, 240 A.3d 281 (2020). On the basis of this precedent, we conclude that the trustee's failure to appeal from the denial of his motion to open is not fatal to his appeal in this case.

[9] The trustee also suggests in his brief that the plaintiff's failure to substitute Testa's estate at any point following his death "arguably" deprived the court of subject matter jurisdiction to enter any subsequent orders in the case. Following oral argument in this appeal, this court, sua sponte, ordered supplemental briefing on the issue of whether the trial court had subject matter jurisdiction to act on the plaintiff's motion to substitute the trustee in light of *Barton* v. *New Haven*, 74 Conn. 729, 730, 52 A. 403 (1902), and its progeny. Those cases hold that "[d]uring the interval . . . between the death and the revival of the action by the appearance of the executor or administrator, the cause has no vitality. The surviving party and the court alike are powerless to proceed with it." Id., 730–31; see also, e.g., *Burton* v. *Browd*, 258 Conn. 566, 571, 783 A.2d 457 (2001); *Worden* v. *Francis*, 170 Conn. 186, 188, 365 A.2d 1205 (1976); *Boucher Agency, Inc.* v. *Zimmer*, 160 Conn. 404, 407–408, 279 A.2d 540 (1971); *Negro* v. *Metas*, 110 Conn. App. 485, 498, 955 A.2d 599, cert. denied, 289 Conn. 949, 960 A.2d 1037 (2008); *Schoolhouse Corp.* v. *Wood*, 43 Conn. App. 586, 590, 684 A.2d 1191 (1996), cert. denied, 240 Conn. 913, 691 A.2d 1079 (1997); *Bomstein* v. *Boucher Agency, Inc.*, 5 Conn. Cir. 121, 122, 245 A.2d 296 (1968). Having received and considered the supplemental briefs, we conclude that the court had subject matter jurisdiction at the time it acted on the plaintiff's motion to substitute. *Barton* and the decisions that have followed hold that a "cause" by or against a single, deceased party is abated until such time as a proper fiduciary is substituted for the deceased party. They do not stand for the proposition that a court loses subject matter jurisdiction over an entire case for all purposes, including separate causes against parties other than the deceased, until a fiduciary is substituted for a deceased party. Such a rule would be wholly inconsistent, for example, with General Statutes § 52-600, which provides in relevant part: "If there are two or more plaintiffs or defendants in any action, one or more of whom die before final judgment, and the cause of action survives to or against the others, the action shall not abate by reason of the death. . . ."

[10] General Statutes § 52-599 provides in relevant part: "(a) A cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person.

"(b) A civil action or proceeding shall not abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of the decedent. . . . If a party defendant dies, the plaintiff, within one year after receiving written notification of the defendant's death,

may apply to the court in which the action is pending for an order to substitute the decedent's executor or administrator in the place of the decedent, and, upon due service and return of the order, the action may proceed. . . ."

[11] Judge Genuario clearly recognized the nature of the trustee's involvement. The plaintiff filed a motion for reconsideration on September 6, 2019, contesting the monetary value of the judgment. In denying relief, the court stated in relevant part that "[*t*]*he defendant is not the maker of the note or the estate of the maker of the note*. To the extent the plaintiff is seeking payment from a fraudulent transferee of property, he is seeking payment from a tortfeasor and *not a contracting party*." (Emphasis added.)

———————————————