[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SUBSTITUTE AND MOTION TO DISMISS
Elizabeth Solomon (plaintiff) brought suit against Luis Villalon and other trustees of the Hall-Brooke Foundation, (Hall-Brooke) in 1982 and 1984. Luis Villalon died on March 18, 1989 and co-executors of his estate were appointed on March 30, 1989.
Plaintiff moved to substitute the estate as a party defendant in October, 1990, some eighteen (18) months after being notified of Villalon's death. Defendants objected to the substitution on the ground that the motion was untimely under Connecticut General Statutes 52-599. That statute states, in relevant part:
[I]f a party defendant dies, the plaintiff, CT Page 1208 within one year after receiving written notification of the defendant's death, may apply to the court in which the action is pending for an order to substitute the decedent's executor or administrator in the place of the decedent. . . .
Defendants conceded that the court had discretion to allow a substitution beyond the one year period for good cause shown. Worden v. Francis, 170 Conn. 186, 188 (1976). Attorney A. Reynolds Gordon testified that a letter sent to him under date of April 17, 1989 did not "red flag" the need for action. The letter was taken as a plea to get him to stop Elizabeth Solomon's letter writing to the various defendants, including Villalon's widow. No suggestion of death was placed on the record although this is a common (not required) method of alerting counsel of the death of a party. After a hearing, the court allowed the substitution. No memorandum of decision was filed; however, the court was of the opinion that the neglect in this case was excusable, therefore, there was good cause to allow substitution.
After the co-executors were served with process, their attorney appeared and filed a motion for reconsideration of the order allowing substitution and a motion to dismiss. The court granted the motion for reconsideration for two reasons:
 1. The executors were not served with copies of the motion to substitute and had no opportunity to oppose the motion.
 2. The executors had new information bearing on the issue of good cause.
At the hearing, the co-executors produced affidavits and a letter which cast a different light on the concept of "excusable neglect" advanced by plaintiff in the first hearing and accepted by the court.
John Boyd was appointed co-executor on March 30, 1989. Attorney Daniel P. Ben-Zvi, representing plaintiff, wrote Boyd a letter under date of April 28, 1989. The letter stated that Attorney Ben-Zvi understood that Boyd was representing the estate of Luis Villalon who had recently passed away. The letter went on to advise of plaintiff's action against Luis Villalon and enclosed copies of the complaints and two memoranda of decision involving the cases. The letter indicated that a copy was sent to Attorney A. Reynolds Gordon.
As of April 28, 1989, plaintiff was on written notice of Villalon's death and had affirmatively advised an estate CT Page 1209 representative of her claims. This situation is quite different from one in which the notice of death was almost an aside to the primary matter discussed in the April 17, 1989 letter. That notice coupled with Attorney Ben-Zvi's letter shows that plaintiff needed no additional "wake up call" with respect to Villalon's death. The neglect in waiting more than one year to file the motion to substitute is not excusable under these circumstances.
No good cause for granting the motion having been shown, it is hereby denied and the motion to dismiss is granted.
E. EUGENE SPEAR, JUDGE