[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This action for personal injuries arising from a collision between two automobiles on November 23, 1990, in Bristol was initiated on June 16, 1992 against the operator CT Page 3264 of one automobile operated by the defendant Donald Winckler and owned by the defendant Hertz Corporation. The file indicates that service was made on both defendants on June 18, 1992, and appearances were filed on behalf of both defendants on July 30, 1992.
Defendants now move for summary judgment on the ground that defendant Winckler died on June 5, 1992, that plaintiff's counsel was notified thereof but has failed to apply for a court order substituting the executor or administrator for the estate of Winckler as required by General Statutes § 52-599(b).
Defendant claims he notified plaintiff's attorney of Winckler's death by letter dated November 6, 1992; that on February 19, 1993 in response to plaintiff's request for discovery, he advised the plaintiff that Winckler had died on June 5, 1992 and was not a proper party in this action; that on August 11, 1993, defendants responded to plaintiff's interrogatory No. 12 as follows:
 ANSWER: Donald Winckler died on June 5, 1992. His widow is handling his estate; however, she should not be contacted except through Carmody 
Torrance.
Defendant argues that since plaintiff has failed to apply for substitution under the statute the action against Winckler has abated and since the defendant Hertz is liable under general statutes § 14-154a "to the same extent as the operator would have been liable", this action has abated against Hertz as well.
Plaintiff first argues that since Winckler died prior to his being served he was never actually made a party and therefore plaintiff was not obliged to apply for substitution of his executor or administrator under §52-599(b). Plaintiff argues more forcibly that even if Winckler is no longer a party defendant, the defendant Hertz remains a proper party.
Preliminarily this motion for summary judgment was CT Page 3265 filed on March 2, 1995, long after May 13, 1994, when the case was scheduled for trial on April 25, 1995 without prior approval of the court as required by Practice Book § 379. However, counsel waived this requirement at the short calendar hearing before this court on April 3, 1995.
The Connecticut Supreme Court has ruled that failure to comply in timely fashion with the requirements of General Statutes § 52-599 requires dismissal unless good cause is shown for non-compliance. Worden v. Francis,170 Conn. 186, 188 (1976.) Plaintiff has not seriously argued that there was good cause for failing to apply for an executor or administrator and if a motion to dismiss were filed against Winckler it is fairly clear that it would be granted. See Johnson v. Clyburn, 13 CONN. L. RPTR. 147, (1994) (Hodgson, J.).
However, no authority has been drawn to our attention which deals with the question whether the action against the owner of an automobile must fail if the action is no longer maintainable against the operator or his estate. If the action against Winckler were to be dismissed it would not be a decision on the merits of the negligence claim against Winckler. We find no authority requiring us to conclude as a matter of law that such a dismissal against a lessee operator would be a bar to an action against the lessor owner under Section 14-154a. Contrary to the argument of defendant, such an interpretation of Section14-154a does not impose any greater liability on the owner than on the operator. That section makes the owner "liable . . . to the same extent as the operator would have beenliable if he had been the owner" (underscoring supplied).
 The purpose of the statute was not primarily to give the injured person a right of recovery against the tortious operator of the car, but to protect the safety of traffic upon highways by providing an incentive to him who rented motor vehicles to rent them to competent and careful operators by making him liable for damage resulting from the tortious operation of the CT Page 3266 rented vehicles." Fisher v. Hodge, 162 Conn. 363, 369 (1972).
We believe that this purpose of the statute is accomplished by giving an injured plaintiff the right to file an action against the lessor-owner independent of any action against the lessee-operator. Of course, nothing prevents the lessor-owner from citing in the lessee-operator should that be deemed necessary or desirable.
Motion for Summary Judgment denied.